JOSEPH G. MATHEWS *vs.* BENJAMIN TRIPP, City Treasurer of the City of Providence.

The repeal of Gen. Stat. R. I. cap. 210, § 1, which gave suitors in the Supreme Court a
    second jury trial as of course, is not a violation of Art. I. § 15 of the Constitution of the
    State, which provides that "the right of trial by jury shall remain inviolate."
Outline of legislation governing jury trials in the Supreme Court.

    PLAINTIFF'S petition for a new trial.
    *February* 6, 1879.  DURFEE, C. J.  This is a petition for the new trial of a case in which the plaintiff sues the city of Providence for damages for an injury resulting from the defective condition of a sidewalk.  The action was commenced in the Supreme Court, August 3, 1878, and tried to the jury at the present term and the jury found a verdict for the defendant.  Within forty-eight hours after verdict the plaintiff filed this petition.  He claims the right to a new trial as of course under Gen. Stat. R. I. cap. 210, § 1.  Section 1 was repealed, except as to pending cases, previous to the commencement of this action, by Public Laws R. I. cap. 674, April 12, 1878.  The plaintiff, however, contends that the repealing statute is void, because it infringes section 15 of article 1 of the Constitution of the State, which ordains that " the right of trial by jury shall remain inviolate," and that he is therefore entitled to a new trial as of course, the same as if the repealing statute had never been passed.
    Section 1 of chapter 210 is as follows, to wit :
    " In all cases in which actions originally commenced in the Supreme Court shall be answered, the party against whom a verdict has been rendered, shall, by filing a written motion with the clerk of the court in which such verdict is rendered, within forty-eight hours after the rendition of such verdict and payment of the entry fixed by law for the entry of appeals in the Supreme Court, be entitled, as of course, to a new trial in such action."

This provision was first enacted in 1847. The Constitution went into operation in 1843. At the time of the adoption of the Constitution the Supreme Court, or, as it was then called, the Supreme Judicial Court, had only appellate jurisdiction in civil jury cases, original jurisdiction being conferred in 1847. Previously, the course of procedure was to commence the action, if the amount involved exceeded twenty dollars, in the Court of Common Pleas, and for either party aggrieved by the judgment to appeal to the Supreme Judicial Court. There was thus opportunity for two jury trials, one in the Court of Common Pleas and the other in the Supreme Judicial Court; but it was in the power of either party to prevent the jury trial in the Court of Common Pleas by submitting to judgment and taking an appeal. Even this, however, did not exhaust the privilege of jury trial. For either party aggrieved by the judgment of the Supreme Judicial Court was entitled within one year to review the same, " and have one trial more in the same court." Digest of 1822, p. 133. There was no further trial except for cause. Trial by review was abolished by the revision of 1844, after the adoption of the Constitution. There is no tradition that it occurred to anybody that the abolition was unconstitutional. Yet it clearly was so if the plaintiff's argument is valid. The people, however, evidently cherished the privilege of two jury trials; for when original jurisdiction in civil actions was subsequently conferred on the Supreme Court, the statute conferring it contained the provision for a second jury trial as of course. The design was, doubtless, to put actions commenced in the Supreme Court on a par in this respect with actions commenced in the Court of Common Pleas.

It thus appears that when the Constitution was adopted, the law of the State secured to litigants the opportunity for at least two jur ytrials in every important civil action. And this peculiarity of the law has in a great measure continued down to 1878; we say in a great measure, but not wholly; for not only has trial by review been abolished, but the right of appeal from the Court of Common Pleas to the Supreme Court, on which the trial by jury in the Supreme Court was dependent, has been modified so that many cases formerly appealable to the Supreme Court can no longer be brought there by appeal. Still it cannot be denied that the statute repealing the provision for second

trials as of course does greatly change the procedure in respect of jury trials, whether we consider the procedure as it existed before, or as it has existed since the Constitution was adopted. The question raised by the plaintiff is, whether the change is not so great as to amount to a violation of the constitutional right.

We think the construction for which he contends, notwithstanding its plausibility, strains the language of the Constitution beyond its true intent. The thirty years' practice under the Constitution shows the strength of ancient usages rather than the prevalence of any contemporaneous or traditional construction ; while, on the other hand, the fact that the constitutionality of the important changes to which we have referred was never questioned, shows that such a construction as is here contended for was at least not explicitly in the minds of the men, some of them learned lawyers and jurists, by whom the Constitution was framed and adopted, and affords a strong presumption against its validity. And there is nothing in the origin and history of trial by jury which favors the construction for which the plaintiff contends ; for it was the right of trial by jury in itself, and not the right of two or more trials, which was so dear to our ancestors, on both sides of the Atlantic, and against the denial or abridgment of which they so often and so strenuously protested.

Trial by jury is a well known kind of trial. The right of trial by jury, as secured by the Constitution, is in our opinion simply the right to that kind of trial. And the right remains inviolate so long as the jury continues to be constituted substantially as the jury was constituted when the Constitution was adopted, and so long as all such cases as were then triable by jury continue to be so triable without any restrictions or conditions which materially hamper or burden the right.

Many of the States have substantially or identically the same provision in their Constitutions. The reports contain cases which to some extent explain its meaning, but none, so far as we are informed, in which the point here raised has been considered. In so far, however, as they afford light for the decision of the case at bar, they mainly confirm the conclusion at which we have arrived. *Jones* v. *Robbins*, 8 Gray, 329 ; *Beers* v. *Beers*, 4 Conn. 535 ; *Steuart* v. *Mayor & City Council of Baltimore*, 7 Md. 500.

And see particularly the language of Judge Curtis in *Greene* v. *Briggs*, 1 Curt. 311, 322. We think the plaintiff is not entitled to a new trial as of course, the provision allowing it being repealed.

The plaintiff also asks for a new trial on the ground that the verdict is against the evidence, and on the ground of newly discovered testimony. We think the plaintiff presents a case for a new trial on the latter ground. *New trial granted.*

*Edward H. Hazard & Charles H. Parkhurst*, for plaintiff.

*Nicholas Van Slyck*, City Solicitor of the city of Providence, for defendant.

