### JAMES S. ORR *vs.* THE SUPERIOR COURT.

JUNE 10, 1932.

PRESENT: Stearns, C. J., Rathbun, Sweeney, Murdock, and Hahn, JJ.

STEARNS, C. J. Writ of *certiorari* to the Superior Court.

The single question is whether defendant in the case of *Harris & Vose* v. *James S. Orr* now pending in the Superior Court is entitled to have a jury trial. The action is assumpsit and was begun by writ returnable to the Superior Court December 21, 1929; the assignment-day was February 1, 1930. Plaintiff filed no written claim for a jury trial. January 15, 1930, defendant filed a demurrer to the second

count of the declaration and a plea of the general issue to the first and third counts which plea concluded as follows: "and of this he puts himself upon the country."

January 29, 1930, plaintiff filed an amended declaration. April 18, 1930, defendant filed a plea of the general issue to the amended declaration with the customary conclusion to the country and at the end of the plea and in addition thereto made an express claim for a jury trial.

The case was assigned several times for trial on the jury trial calendar, the latest assignment being for trial June 10, 1932. Both plaintiff and defendant supposed that it was properly on the jury trial calendar. April 25, 1932, plaintiff filed a motion that the case be assigned to the miscellaneous calendar for trial by the court without a jury. To this defendant objected. After a hearing by a justice of the Superior Court the case was assigned for trial to the miscellaneous calendar.

Section 1 of Chapter 1327, P. L. 1929, is as follows: "Section 1. Section 6 of chapter 337 of the general laws, entitled 'Of civil practice in the superior court,' is hereby amended to read as follows: Sec. 6. In every action at law originally brought in the superior court, or removed to the superior court on appeal from a district court, if neither party files a written claim for a jury trial at any time before its assignment day, then jury trial shall be deemed to be waived in such case, and if no jury trial be claimed as aforesaid, the court shall hear, try and determine the said case both as to the law and as to the facts and render decision therein, subject to the right of review as provided by law. In actions so tried the court shall upon request of any party, make special finding upon any issue of fact and special ruling upon any question of law arising in the cause." The statutory requirement is plain. If a case is to be tried by a jury, one of the parties must file a written claim for a jury trial before the assignment day of said case. In *Mandeville* v. *Fritz*, 50 R. I. 513, this requirement was held to

be a reasonable condition and not a violation of Section 15 of Article I of our constitution, which provides that the right of trial by jury shall remain inviolate.

This statute is designed to increase the efficiency of the trial courts and to enable the courts to plan for trials with a knowledge of the number of cases to be tried with or without a jury.

Defendant's conclusion to the country in his plea filed before the assignment-day of the case was not in compliance with the statutory requirement. This plea, it is also to be noted, was superseded by the plea to the amended declaration filed after the assignment-day.

One purpose of the statute is to enable the clerk of the court by inspection of the papers in a case to allocate the case for the required form of trial. The statute does not require the court or the adversary party to make a minute examination of the pleadings to ascertain the form of trial. No precise form of written claim is prescribed; but such a written claim should be distinct and certain and so made as to be easily discerned upon an examination of the papers in a case.

The status of this case with respect to the form of trial was determined at its assignment-day. As neither party had then claimed a jury trial, the right of jury trial was waived by both. This waiver is a waiver for all time. *Shepard Co.* v. *General Motors Truck Co.*, 50 R. I. 187.

The subsequent agreement of the parties to a jury trial was of no effect. Having waived the right to jury trial they can not revive it merely by their own agreement. The action of the justice of the Superior Court in placing the case on the calendar of trials without a jury was correct.

Therefore, the writ of *certiorari* is quashed.

*Greenough, Lyman & Cross, Harvey S. Reynolds,* for petitioner.

*Raymond & Semple, Harold R. Semple,* for respondent.