JOHN HUTSON *vs.* GAETANO CAVICCHIA.

JULY 8, 1933.

PRESENT: Stearns, C. J., Rathbun, Sweeney, Murdock, and Hahn, JJ.

HAHN, J. This is a petition for a writ of *certiorari* to quash a certain portion of the record in the above-entitled case which, after decision for plaintiff in a district court, is now pending in the Superior Court on defendant's appeal.

The litigation arises out of a collision between plaintiff's and defendant's automobiles, in which accident it is alleged that plaintiff, his wife and minor child and defendant and his wife received injuries which form the basis of five separate actions including the instant case. After this case reached the Superior Court and before its assignment-day, plaintiff filed a written claim for jury trial. Almost a year after the assignment-day of the case plaintiff filed a withdrawal of his claim for jury trial and at the same time moved to consolidate the case with the said other four actions in which neither party had claimed jury trial. The trial justice permitted both the withdrawal and the consolidation of the cases. The two questions which petitioner brings before this court are: (1) Did said justice err in ruling that jury trial could be waived by one party after previous claim therefor? (2) Did said justice abuse his discretion in ordering the consolidation of said five actions?

Both questions must be answered in the affirmative. In G. L. 1923, Chap. 337, sec. 4, it is provided that: "All cases at law originally entered in said (superior) court shall be in order for assignment for trial or other disposition on the assignment-day . . . ." And in *Orr* v. *Superior Court*, 52 R. I. 335, this court has held that the status of a case with respect to the form of trial is "determined at its assignment-day." In order to establish a definite classification of the form of trial in cases pending before the

Superior Court, it is necessary that the method of trial—whether by court or by jury—shall be positively selected on or before the assignment-day of a given case. To allow one party to change the form of trial after the assignment-day would render such classification an unreliable source of information regarding a case and would leave undetermined until the day of trial whether the case would be tried before a justice or a jury. As, in the instant case, the plaintiff previous to the assignment-day of the case claimed a jury trial and did not, before said day, withdraw his motion for jury trial, the status of the case as to the form of trial was thereby established. It was error for the trial justice to rule that one party alone could waive jury trial after the case had been assigned to the jury-trial calendar.

As the other four actions with which said justice permitted the instant case to be consolidated were assigned for hearing before a justice sitting without a jury, and since we have held that the instant case retains the status of a jury-trial case, said case can not be consolidated with cases which are not triable in a similar manner. The ruling permitting such consolidation was incorrect.

The petition for *certiorari* is granted. All the record in the above-entitled case subsequent to its assignment to the jury-trial calendar is ordered quashed. The papers in the case, with our decision certified thereon, are ordered remitted to the Superior Court for further proceedings.

RATHBUN, J., dissents.

*Malcolm Champlin*, for plaintiff.

*Luigi Capasso*, for defendant.