THE ATLANTIC REFINING COMPANY *vs.* DIRECTOR OF PUBLIC WORKS FOR THE STATE OF RHODE ISLAND.

MAY 14, 1964.

PRESENT: Condon, C. J., Roberts, Powers and Joslin, JJ.

168

JOSLIN, J. This is a petition filed in the superior court pursuant to G. L. 1956, §37-6-18, for an assessment of damages for the taking by the respondent of the petitioner's property for the public use. On the petitioner's motion and without objection by the respondent the case was assigned

for trial to the miscellaneous calendar on which jury-trial-waived cases are heard. Before the trial date was reached, however, that assignment was vacated by a justice of the superior court on the ground that §37-6-18 gave petitioner "one remedy and one remedy only, that being assessment of damages by a jury." The case is here on the petitioner's exception to that ruling. In this court the respondent's motion to dismiss the bill of exceptions because it was premature was denied without prejudice to his right to a later determination thereof. At the outset, therefore, we consider the question of prematurity.

The respondent relying on the rule laid down in *Troy* v. *Providence Journal Co.*, 43 R. I. 22, and affirmed in *De-Prete* v. *Farm Bureau Mut. Auto. Ins. Co.*, 83 R. I. 10, contends that the ruling excepted to should not be reviewed by us until the case has been finally determined on the merits. While it is the general rule, as respondent argues, that ordinarily a bill of exceptions will not lie to a decision which will not in due time by operation of law lead to a final judgment in the case, it is equally well settled that the rule is otherwise when public policy warrants and in order to avoid the possibility of undue hardship or injurious consequences. *Ewing* v. *Tax Assessors*, 90 R. I. 86; *Montaquila* v. *Montaquila*, 85 R. I. 447; *McAuslan* v. *McAuslan*, 34 R. I. 462.

In our opinion this is a case that calls for application of the modification rather than the rule. Both parties agree that as a result of the state's large-scale highway program numerous petitions for assessments of damages under the statute in issue have been and will in the future be filed in the superior court. There is a diversity of opinion among the justices of that court, however, as to whether or not a jury trial is required in those suits. Whether judge or jury shall determine the justness of compensation for the taking of private property is, of course, a question of paramount public importance and its resolution should not depend on

the happenstance of whether the trial justice deciding that question holds that a jury trial is an essential part of the statutory procedure or adheres to the opposite view. That there be a prompt resolution to this divergence of opinion makes appropriate a departure from the rule in *Troy* and for that reason we reaffirm our denial of respondent's motion to dismiss the bill of exceptions on the ground of prematurity.

On the merits, we construe chap. 6 of title 37. In several instances it speaks in terms of jury trials, but it is §37-6-18 which is crucial. It provides in pertinent part that "Any owner * * * who cannot agree with the acquiring authority upon the price to be paid for his estate * * * may * * * apply by petition to the superior court * * * praying for an assessment of damages by a jury." The language is clear, but what is unclear is whether the provision as to an assessment of damages by a jury is mandatory or directory.

There is no rule of universal application which provides an answer. Resort instead in instances of this kind must be had to an ascertainment of the legislative intention. *Sharrock* v. *Borough of Keansburg,* 15 N. J. Super. 11. That intention, the court said in *In re Condemnation of Land for New State House,* 19 R. I. 326, 331,

> "is sometimes to be collected from the cause or necessity of making a statute, and at other times from the circumstances. Whenever it can be discovered, it ought to be followed with reason and discretion in the construction of the statute, although such construction seems contrary to the letter of the statute. The real intention, when accurately ascertained, will always prevail over the literal sense of terms. A thing which is within the intention of the makers of a statute is as much within the statute as if it were within the letter, and a thing which is within the letter of a statute is not within the statute unless it is within the intention of the makers."

We look then to the predominating purpose motivating the legislative action. If we find that purpose was to fix a trial by jury as the sole and exclusive means for determining damages, the provision is mandatory. If, however, that intent was to insure to a condemnee a privilege or right otherwise possessed, then we are warranted in concluding that the statute is directory only.

Whatever may have been true in England, or in this country at common law, or in early times in other jurisdictions, a person in this state whose property was taken for a public use had the right to have a jury assess his damages at least as far back as 1798. Under P. L. 1798, page 382, a person aggrieved by the appraisement of damages following a laying out by a town of a highway or driftway through his land was given the liberty to appeal to the court of general sessions of the peace and thereupon the sheriff was required to "impannel [sic]" a jury of "twelve good men," who were charged with re-examining the damages given and allowed. To the same effect, see P. L. 1822, page 288. That jurisdiction was subsequently transferred to the several courts of common pleas upon the abolition of the court of general sessions of the peace. P. L. 1838, page 1012.

In addition, when private property was taken by condemnation proceedings under railroad and turnpike charters, as distinguished from instances where a town council was the condemnor, the condemnee was likewise given a right of appeal and a trial by jury from the award of an appraisal committee. *In re Condemnation of Land for New State House, supra,* p. 335.

Since this was the nature of trial in condemnation cases in May 1843 at the time of the adoption of our constitution, the same kind of trial was guaranteed to any person whose property was thereafter taken for the public use by art. I, sec. 15, of the constitution which provides that "The right of trial by jury shall remain inviolate." *Mathewson* v. *Ham,* 21 R. I. 311; *Mathews* v. *Tripp,* 12 R. I. 256. In

this state, therefore, as distinguished from what may be the situation elsewhere, the power of the legislature to determine the nature and character of the reviewing tribunal in condemnation cases is limited by the constitutional requirement.

While the legislature provided that one whose property has been taken under chap. 6 of title 37 may have the justness of the compensation therefor determined by a jury, in the light of what we have said as to the necessity for making available the kind of trial secured by the organic law, it is not unreasonable to conclude that the motivating legislative purpose and concern were limited to securing to a condemnee the right made inviolate by art. I, sec. 15. Because the legislature elected to make §37-6-18 conform to the constitution by adopting the kind of language used in the early statutes, P. L. 1798 and P. L. 1822, *supra*, we should not thereby impute to it an intention to provide therein that a jury trial is mandatory and the sole and exclusive remedy for obtaining a judicial review of an offer received from the acquiring authority.

Having determined that §37-6-18 is directory and not mandatory, it necessarily follows that a petitioner proceeding thereunder should be afforded the right to waive a jury trial. That is a right which pursuant to G. L. 1956, §9-11-7, is available in *every* action at law originally brought in the superior court. It is one of the incidents attendant upon and available in civil jury trial proceedings. It should not be denied to petitioner. See *Shepard Co.* v. *General Motors Truck Co.*, 50 R. I. 187.

The respondent calls to our attention, however, the petition filed herein in which it was prayed "That a jury assess the damages suffered by the petitioner." This, he contends, was "a written claim for a jury trial" filed prior to the assignment day and within the contemplation of G. L. 1956, §9-11-7, the controlling statute. Citing *Hutson* v. *Cavicchia*, 53 R. I. 518, respondent argues that the claim so made

was an irrevocable election to proceed by jury trial which could not subsequently be voided by an assignment to the miscellaneous calendar. This would clearly be so if that statement in the petition which is the original pleading filed in a case brought under chap. 6 of title 37 is equated with a written claim of a jury trial. We do not so consider it. In *Orr* v. *Superior Court,* 52 R. I. 335, this court held that a conclusion to the country in a defendant's plea filed before the assignment day of the case did not constitute a written claim for a jury trial within the statutory requirement. The court reasoned that at least one purpose of the statute was to provide an administrative convenience whereby the calendar to which a case was assigned might be determined without a minute examination of the pleadings. That reason applies equally here where the isolated phrase in the body of the petition—"That a jury assess the damages suffered by the petitioner"—can be found only after a careful perusal of that pleading. What respondent contends constitutes a claim of a trial by jury does not meet the *Orr* test which is that it must be so "distinct and certain and so made as to be easily discerned upon an examination of the papers in a case."

For the foregoing reasons it is our opinion that the trial justice erred in granting the respondent's motion to vacate the assignment of the case to the miscellaneous calendar.

The petitioner's exception is sustained, and the case is remitted to the superior court for further proceedings.

### On Motion for Reargument.

MAY 25, 1964.

Per Curiam. After our decision in the above case was filed, the respondent by permission of the court presented a motion for leave to reargue setting forth therein certain

174

reasons on which it bases its contention that justice requires a reargument.

We have carefully considered those reasons and are of the opinion that they suggest nothing which in the circumstances warrants a reargument.

Motion denied.

*Letts & Quinn, Andrew P. Quinn, Daniel J. Murray, Jerome B. Spunt,* for petitioner.

*J. Joseph Nugent,* Attorney General, *Arthur N. Votolato, Jr.,* Chief Counsel, for respondent.