210 A.2d 585.

RONCI MFG. CO., INC. *vs.* DIRECTOR OF PUBLIC WORKS FOR THE STATE OF RHODE ISLAND.

JUNE 1, 1965.

PRESENT: Condon, C. J., Roberts, Paolino, Powers and Joslin, JJ.

POWERS, J. This is a petition for the assessment of damages filed in the superior court pursuant to the provisions of G. L. 1956, §37-6-18. The taking was effected in accordance with the provisions of G. L. 1956, chap. 6 of title 37 and chap. 10 of title 24, as amended. After notice of the pendency of the petition had been given but before the cause was ready for assignment, the respondent, hereinafter sometimes referred to as the state, claimed a trial by jury. Thereafter petitioner moved that the claim be stricken and a hearing was had thereon before a superior court justice. He denied the motion and to this ruling petitioner duly excepted. The cause is before us on the petitioner's bill of exceptions, the sole exception being to the ruling as aforesaid.

The petitioner avers that on August 15, 1963 it was seized and possessed and the owner of three tracts of land located in the town of Lincoln; that on said August 15, 1963 the

state properties committee authorized the acquisition of said three tracts by respondent; and that pursuant to the provisions of the applicable statutes, respondent took title thereto on August 21, 1963.

General Laws 1956, §37-6-18, in pertinent part provides:

"Any owner of, or any person entitled to any estate or right in, or interested in any part of the land or other real property so taken, who cannot agree with the acquiring authority upon the price to be paid for his estate, right or interest in such land or other real property so taken and the appurtenant damage to the remainder, may within one (1) year from the filing of the description and statement aforesaid apply by petition to the superior court in the county of Providence or to the superior court for one of the counties in which said land or other real property may be situated, setting forth the taking of his land or his estate or interest therein and praying for an assessment of damages by a jury."

In *Atlantic Refining Co. v. Director of Public Works*, 98 R. I. 167, 200 A.2d 580, we held that the right to a jury trial granted to a landowner by the quoted section was a legislative declaration of a right guaranteed by the constitution and that as such it was directory and not mandatory. We further concluded that the remedy was not exclusive and that a property owner could waive his right to a trial by jury as provided by §9-11-7.

Exercising such right the instant petitioner expressly prayed for the assessment of damages by a superior court justice and moved that the cause be assigned to the miscellaneous calender for December 8, 1964.

However, respondent filed its claim for a trial by jury notwithstanding petitioner's stated intention to waive the same, and on petitioner's motion to strike respondent's claim a superior court justice ruled that the applicable statutes authorized a jury trial on the claim of either the landowner or the state. He based his decision on the provisions

of §37-6-21 read in conjunction with §9-11-7. The pertinent provisions of these sections are as follows:

§37-6-21. "Such trial shall be conducted as other civil actions at law are tried and shall determine all questions of fact relating to the value of the estate or interest in the land or other real property taken and the appurtenant damage to any remainder and the amount thereof, and such trial and verdict of the jury shall be subject to all rights to except to rulings, to move for new trial, to prosecute a bill of exceptions and to appeal, as are provided by law."

§9-11-7. "In every action at law originally brought in the superior court, or removed to the superior court on appeal from a district court, if neither party files a written claim for a jury trial at any time before its assignment day, then jury trial shall be deemed to be waived in such case, and if no jury trial be claimed as aforesaid, the court shall hear, try and determine the said case, both as to the law and as to the facts, and render decision therein, subject to the right of review as provided by law."

Before the cause was argued in this court the state moved that the bill of exceptions be dismissed as premature. We denied its motion, without prejudice, however, to the state's renewing such contention when the cause was heard on its merits. The state, however, now expressly waives its objection and joins with petitioner in urging that by reason of the public interest growing out of the great number of petitions that have been and will be filed, this court should consider the instant petition as we did in *Atlantic Refining Co.* v. *Director of Public Works, supra,* to be a case falling within the exception to the rule against prematurity. We are so persuaded.

The petitioner concedes that the *Atlantic Refining Co.* case although informative is not determinative of the issue raised in the instant cause. It does contend, however, that *In re Condemnation of Certain Land for New State House,* 19 R. I. 326, is controlling. There as here the precise ques-

tion was the right of the state to claim a jury trial in the determination of damages resulting from a taking by condemnation.

By the enactment of P. L. 1893, chap. 1201, the legislature created a board of state house commissioners and vested it with certain powers, among which were the selection and acquisition of a site for a new state house. In connection therewith, sec. 2 thereof provided in pertinent part as follows:

> "The said site shall be acquired in the name of the State of Rhode Island, and for the purpose of acquiring land by condemnation for said site said board is hereby given all the powers of condemnation conferred upon towns in certain cases for the purpose of taking land and property for a water supply by Chapter 285 of the Public Laws, and in case said board shall so take any land for the purposes of this act it shall proceed in all matters in relation to such land as provided in said Chapter 285 in the case of land taken under its provisions, and owners of land so taken shall have the same rights of appeal from the awards of said board, and rights of jury trial thereon, as are secured to owners of land taken under the provisions of said Chapter 285 by its provisions."

Pursuant thereto the board selected a site, acquiring it by condemnation in accordance with the procedures set forth in P. L. 1882, chap. 285. These provided for the filing in the clerk's office of the common pleas division of the supreme court in the county where the land to be taken was located, of a certificate of taking the property with a list of owners thereof, and for the appointment by said common pleas division, after due notice, of three suitable persons to be commissioners to appraise the damages sustained by any property owner.

Section 6 of chap. 285 provided for the filing of the appraisal commissioner's report in the office of the clerk of the common pleas division and further provided: "and any person or party aggrieved by any award of damages by the

said commissioners may claim a jury trial upon any item of damages thereby awarded, and may file his claim for such trial at any time within three months from the opening of such report * * *."

After the appraisal commissioners duly appointed by the common pleas division had filed their report in the office of the clerk, the board objecting to the awards obtained therein filed claims for trials by jury as a party aggrieved within the meaning of said sec. 6. The affected landowners challenged the right of the board to jury trials and were sustained in the common pleas division.

From this decision the board prosecuted its bill of exceptions to the full bench, contending that the decision was erroneous in that it was contrary to the intent of the legislature as evidenced by the incorporated reference in P. L. 1893, chap. 1201, to the procedures set out in P. L. 1882, chap. 285.

This court rejected such contention. Acknowledging that an ambiguity existed the court proceeded to determine the legislative intent to be gathered from the provisions of sec. 2 of chap. 1201. It resolved such ambiguity against the state for the reason, among others, that if the general assembly had intended to confer the right of a jury trial on the condemning authorities as well as the property owners, it would not have deemed it necessary to make any provision in chap. 1201 for the assessment of damages by a jury.

Continuing at page 333, the court stated:

"Having, in the body of chapter 1201, §2, given to the owners of land the right to appeal from, and of jury trial on, the award of the Appraisal Commissioners, we think the law makers did not intend to give it to the State also, for *inclusio unius est exclusio alterius,* —unless indeed such gift of jury trial to the State in condemnation proceedings is a constitutional necessity, for it seems to us the paramount purpose of the legis-

lation was to confer an effective method of condemning land for a state house site, and no method not constitutional could be effective."

The court then proceeded to consider the question of whether any constitutional necessity existed. After a scholarly and exhaustive discussion of statutory provisions relating to condemnation proceedings as the same related to jury trials prior to the adoption of the state constitution, the court concluded there was none. In addition to the references made by the court we have had the benefit of an equally exhaustive review furnished by petitioner. Also an enlightening discussion relative to such statutes may be found in *Atlantic Refining Co.* v. *Director of Public Works*, *supra*. We perceive no good purpose, therefore, to be served by further similar discussion.

Suffice it to note that in the case of the board of state house commissioners, the court recognized the right of the lawmaking power to grant to the state the right to a jury trial for the assessment of damages in condemnation cases, but held that such right exists only when expressly granted. Whether such a cause should be tried to a jury is a question of policy and, absent an expressed grant of a jury trial to the state, there being no constitutional necessity therefor, it may be reasonably inferred that the legislature has predetermined the question of policy by withholding the state's right to a jury trial for the assessment of damages resulting to a property owner in a taking by eminent domain.

Adhering to this principle we turn to a consideration of the provisions authorizing a jury trial as declared in §37-6-18. This section by its explicit terms is clearly limited to a claim by one whose property has been taken and, as is made manifest by our opinion in *Atlantic Refining Co.* v. *Director of Public Works, supra,* is a legislative declaration of a right secured to a property owner by art. I, sec. 15, of the Rhode Island constitution.

It is contended, however, that when §37-6-18 is read in conjunction with §§9-11-7 and 37-6-21 it becomes apparent that the legislature intended to confer the right of a jury trial on the state as well as the property owner. We are unable to agree. Indeed it seems clear to us that §9-11-7 is a procedural requirement which presupposes the existence of a right to a jury trial and cannot be used to help establish a right that does not exist. See *Mandeville, Brooks & Chaffee* v. *Fritz*, 50 R. I. 513.

Nor can §37-6-21 be read in conjunction with other statutory provisions save those which immediately precede it, being §§37-6-18, 37-6-19 and 37-6-20. These four sections together establish the assessment proceedings as an action at law in which a qualifying property owner is entitled to a trial by jury, first having met certain expressed procedural conditions.

We hold, therefore, that §37-6-18, not expressly conferring on the state the right to claim a trial by jury, cannot be read in conjunction with any other statutory provision so as to create such a right by implication. Absent such an expressed or implied authorization, the right does not exist and the decision of the trial justice was erroneous.

The petitioner's exception is sustained, and the case is remitted to the superior court for further proceedings.

*Goldberg & Goldberg, Leo M. Goldberg, Philip B. Goldberg, Archie Smith, Francis J. Barlow, Haig Barsamian,* for petitioner.

*J. Joseph Nugent,* Attorney General, *Arthur N. Votolato, Jr.,* Chief Counsel, *Thomas H. Needham,* Assistant Counsel, for respondent.