237 A.2d 335.

KATHERINE S. SMITH *vs.* DEPARTMENT OF PUBLIC WORKS OF THE STATE OF RHODE ISLAND.

JANUARY 15, 1968.

PRESENT: Roberts, C. J., Paolino, Powers, Joslin and Kelleher, JJ.

ROBERTS, C. J.   This is a petition filed in the superior court pursuant to G. L. 1956, §37-6-18, for an assessment of damages by a jury for the taking by the respondent of the petitioner's property for a public use.   The record discloses that the petitioner endorsed her claim for jury trial on the petition following the affidavit of notice and that on September 27, 1966, the case by stipulation was assigned for hearing to the jury trial calendar.   Subsequently, on December 15, 1966, the case was reached for trial, and the petitioner moved to be allowed to waive trial by jury.   This motion was granted over the objection of the respondent, hereinafter referred to as the state, and trial was had before a justice of the superior court.   Damages for the taking in the amount of $995 plus interest were awarded, and judgment entered therefor.   From that judgment the state has appealed to this court.

Section 37-6-18 provides that an owner of land taken by condemnation who is unable to agree with the acquiring authority upon a price to be paid therefor may "* * * apply by petition to the superior court in the county of Providence or to the superior court for one of the counties in which said land or other real property may be situated, setting forth the taking of his land or his estate or interest therein and praying for an assessment of damages by a jury."   In *Ronci Mfg. Co.* v. *Director of Public Works*, 99 R. I. 723, 729, 210 A.2d 585, 589, this court, referring to §37-6-18, said: "This section by its explicit terms is clearly limited to a claim by one whose property has been taken and * * * is a legislative declaration of a right secured to a

property owner by art. I, sec. 15, of the Rhode Island constitution."

Until this court passed on the question in *Ronci,* there was considerable doubt concerning the right of the state to claim a jury trial in condemnation cases. In that case, however, we stated that, in our opinion, whether such a cause should be tried to a jury is a question of policy, and absent from the statute an expressed grant of jury trial to the state, and there being no constitutional necessity therefor, we held that "* * * it may be reasonably inferred that the legislature has predetermined the question of policy by withholding the state's right to a jury trial for the assessment of damages resulting to a property owner in a taking by eminent domain." It is then settled in this jurisdiction that the state is without right to claim a jury trial in such proceedings.

In all prior decisions involving this statute, the issue was presented to us in cases where all of the parties on either side of the controversy had the right to claim a jury trial in conformity with §9-11-7. It is our present opinion that because in the instant case it is clear that only petitioner had the right to claim a jury trial, those prior cases to which we above refer are of no real assistance to us in deciding the present case.[1] The rule apparently established by those cases for such situations was that a claim of jury trial on assignment day was final and determined the status of the case for trial, or, in other words, that a party, having claimed a jury trial on or before assignment day, could not thereafter waive it. See: *Atlantic Refining Co.* v. *Director of Public Works,* 98 R. I. 167, 200 A.2d 580.

---

[1]For a discussion of the rule laid down in cases where both of the parties either had, or were presumed to have, the right to claim a jury trial, see *Orr v. Superior Court,* 52 R. I. 335, 161 A. 139; *Hutson v. Cavicchia,* 53 R. I. 518, 167 A. 531; and *Atlantic Refining Co. v. Director of Public Works,* 98 R. I. 167, 200 A.2d 580.

In *Hutson* v. *Cavicchia*, 53 R. I. 518, 167 A. 531, the plaintiff had claimed a jury trial before assignment day and about a year later moved for permission to withdraw his claim for a jury trial. The motion was granted. We there stated that it is necessary to the orderly administration of justice that the state of the trial calendars be determinable and that the method of trial in any case be established on or before assignment day. We said, 53 R. I. 520, 167 A. 531: "To allow one party to change the form of trial after the assignment-day would render such classification an unreliable source of information regarding a case and would leave undetermined until the day of trial whether the case would be tried before a justice or a jury." We then went on to say that the status of the case as to the form of trial was established as of assignment day.

It is clear, however, that the case now before us differs from the prior cases in that but one party, the petitioner, has a right to claim a jury trial, and that under the rule laid down in *Ronci* the state is without such a right under §37-6-18. The fact is that the state does not contend that it has a right to claim a jury trial. What it does contend is that petitioner's claim for a jury trial before assignment day became on assignment day an irrevocable election to have the case tried by a jury and that it was error to permit a withdrawal of petitioner's claim to a jury trial. The state is clearly relying on the rule stated in *Hutson*.

We concede that there is merit in the reasoning underlying the rule stated in *Hutson*. In the circumstances of the instant case, however, we perceive other and perhaps equally valid reasons for departing from the concept of the irrevocability of a claim of jury trial, once made, after the assignment day of the case. Certainly there is little merit in holding to that rule where one of the litigants is without right to claim a jury trial. If the party who has the right to claim a jury trial desires to abandon the expensive, time-

consuming, and cumbersome procedures involved in trial by jury and to submit his cause to a more expeditious proceeding before a trial justice, we see no reason for denying him that right. We are persuaded that to do so could have no substantial effect upon the orderly determination of whether particular cases were to be tried by the court or by a jury.

A further consideration is present in cases where both parties have the right to claim a trial by jury that is not present in the instant case. Clearly the claim of jury trial by one party prior to assignment day amounts to a representation to the other party that a jury trial will be available and may cause the other party, depending thereon, to fail to claim a jury trial on his own. To permit a litigant who has claimed jury trial to waive it after assignment day when the opposing party may no longer claim such a trial would be to substantially prejudice the opposing party. However, where, as in the instant case, but one party may claim such a trial and the other party may not, we see no prejudice to the other party if the party having claimed the trial is permitted to abandon that course after the assignment day.

Because we take this view, we now hold that in any proceeding for the assessment of damages for the taking of land by condemnation brought under the provisions of §37-6-18, a petitioner who has claimed a jury trial on or before assignment day pursuant to §9-11-7 may at any time after assignment day and prior to trial waive such claim to a jury trial.

The appeal of the respondent is denied and dismissed, and the judgment appealed from is affirmed.

*John B. Kelaghan,* for petitioner.

*Arthur N. Votolato, Jr.,* Special Counsel, *Alexander G. Teitz,* Assistant Counsel, *William F. Fidalgo,* for respondent.