## February 23, 1976

M. P. No. 76-58. STATE *v.* RALPH DeMASI. This case was heard on the defendant's petition for a writ of certiorari filed during the preliminary stages of his trial in the Superior Court on charges of conspiracy, robbery, possession of a firearm while committing a crime of violence, assault with intent to kill and possession of a firearm after a previous conviction of a crime of violence. The defendant challenges a Superior Court order that he be handcuffed during the entire course of his trial. That order was entered because the trial justice declared that he was relying solely upon the committing squad's policy that all defendants in criminal trials should be handcuffed during their trials. It was also at variance with the practice followed by other Superior Court justices of permitting defendants to appear before them without handcuffs in the absence of some evidence that the particular defendant posed a security or related risk. We issued the writ for that reason as well as to avoid the possibility of undue hardship or injurious consequences and to resolve a question affected with a distinct public interest, *Atlantic*

*Ref. Co. v. Director of Pub. Works,* 98 R. I. 167, 200 A.2d 580 (1964); *Conte v. Roberts,* 58 R. I. 353, 192 A. 814 (1937).

The state agrees that a constitutional right is involved, but argues that a trial justice can rely on a blanket policy of the officials responsible for the transportation of defendants in criminal cases as the sole basis for imposing physical restraints at trial and without exercising his own discretion. We think not. Certainly he may and should attach significance to the recommendation of the officers, but the responsibility for the decision is his, not theirs. *People v. Mendola,* 2 N.Y.2d 270, 140 N.E.2d 353, 159 N.Y.S.2d 473 (1957); *Commonwealth v. Brown,* Mass., 305 N.E.2d 830 (1973); *ABA Project on Minimum Standards for Criminal Justice, Standards Relating to Trial by Jury* (Approved Draft, 1968), standard 4.1(c) at 92 and comments at 93-97.[1] In this case he defaulted in not exercising that responsibility.

The writ of certiorari is granted, the order reviewed is quashed, and the records certified are ordered returned to the Superior Court with our decision endorsed thereon.

*Julius C. Michaelson,* Attorney General, *Gregory L. Benik,* Special Asst. Attorney General, for plaintiff-respondent. *John F. Cicilline, Kirk Y. Griffin,* Boston, Mass. for defendant-petitioner.

[1] *ABA Project on Minimum Standards for Criminal Justice, Standards Relating to Trial by Jury* (Approved Draft, 1968), standard 4.1(c) at 92 reads: "Defendants and witnesses should not be subjected to physical restraint while in court unless the trial judge has found such restraint reasonably necessary to maintain order. If the trial judge orders such restraint, he should enter into the record of the case the reasons therefor. Whenever physical restraint of a defendant or witness occurs in the presence of jurors trying the case, the judge should instruct those jurors that such restraint is not to be considered in assessing the proof and determining guilt."