M. P. No. 76-149. STATE *v.* RALPH S. BYRNES *et al.* This is a motion which asks that the court reconsider the denial of a petition for certiorari. The order denying the petition was entered on April 20, 1976. *State* v. *Byrnes,* 116 R. I. 923, 355 A.2d 411 (1976).

The petitioners, all of whom have been indicted on charges of robbery, are being held without bail. At the present time they are before the Superior Court, where a jury which will hear evidence on the robbery charge is being selected. When the jury selection process began on April 12, 1976, petitioners moved that four uniformed and armed State Troopers be excluded from the courtroom. The Troopers are seated to the rear of the defendants in a front row of seats usually occupied by spectators. They are, for want of a better description, part of the courtroom security force. The trial justice denied petitioners' motion, and this denial was the subject of their petition for certiorari.

926

The petitioners, in moving for reconsideration of our April 20, 1976, order, have furnished a transcript that was not available at the time this court originally considered the petition. The transcript shows that, after listening to one of the petitioners and counsel for two others, the trial justice remarked:

> "Now, looking to the question of what apparently some look upon as a loosely used term as that of 'security.' Perhaps the Court has been harboring a misconception, but let me let all of you gentlemen understand clearly that the presence of the troopers here, and the number of committing squad, is not by the dictate of this Court. Should you be laboring under the misconception that this Court has ordered the troopers here, then you are mistaken. * * * The security that we have in this courtroom is, as the Court understands it, a direct result of those to whom that responsibility has been delegated by the Supreme Court Committee on Security. I am not familiar with the composition of that committee. I do know that our Presiding Justice serves as a member of that committee, but it is that committee which has delegated to the security officials the responsibility to determine in any trial, from their own information, what the security ought to be."

The trial justice concluded his remarks by emphasizing that the determination as to the need for the presence of the Troopers was the responsibility of certain staff advisers to a so-called security committee. "It is their judgment," he said, "and the Court will not consider overruling it, unless of course it appears to the Court that the defendants or the people cannot get a fair trial."

The presence of armed, uniformed police officers acting as a security force in criminal courtrooms in this jurisdiction is a departure from the practice usually found in the trial courts of this state. Earlier, in *State* v. *DeMasi,* 116 R. I. 905, 352 A.2d 399 (1976), the court said that the decision to apply physical restraint to a defendant in the courtroom was the sole responsibility of the trial justice. In the same vein,

the presence of numerous uniformed, armed law enforcement officers might be considered a form of restraint, and a showing of the need of their presence should be required in such circumstances. A.B.A. Project on Minimum Standards for Criminal Justice, Standards Relating to Trial by Jury, (Approved Draft 1968), standard 4.1(C), Comment, p. 94. The trial justice may not delegate responsibility that is his to the so-called security committee or its advisers. The presence of the State Police is a decision that must be resolved solely by the trial justice after consideration of all relevant factors.

The motion for reconsideration is granted, the order denying the petition for certiorari is vacated, the petition for certiorari is granted, the order of the trial justice is quashed, and the records certified to us are ordered returned to the Superior Court with decision of the Court endorsed thereon. Bevilacqua, C. J. not participating. *Julius C. Michaelson,* Attorney General, *Gregory L. Benik,* Special Assistant Attorney General, for plaintiff. *Harris L. Berson, Paul J. DiMaio, Bevilacqua & Cicilline, John F. Cicilline, Harvey Brower,* Worcester, Mass., for defendants.