PERKINS *v.* TOWLE.

58   425
e68   503

Section 23, chapter 231, of the General Statutes, extending the provisions of the landlord and tenant act to cases where the relation of landlord and tenant does not exist, is unconstitutional.

ACTION, upon the landlord and tenant act, transferred to this court on pleas of title. The relation of landlord and tenant never existed between the parties. Motion for a nonsuit denied, and the defendant excepted.

*Whittemore* and *Mugridge*, for the plaintiff.

*A. W. Bartlett, Fowler,* and *Barnard,* for the defendant.

ALLEN, J. The twenty-third section of the landlord and tenant act, Gen. St., *c.* 231, empowers a justice of the peace to summon the tenant in all real and possessory actions, and try all questions as to the right of immediate possession except the question of title; and the defendant can have the benefit of a jury trial, either on a plea of title or appeal, only by submitting to the burden of giving security not merely to prosecute his appeal, but also to pay rent and damages for detention of the land.

The constitutional right of jury trial is not infringed if a reasonably unfettered right of appeal from a justice to a jury court is allowed. *Copp* v. *Henniker,* 55 N. H. 179, 203, and cases cited. The burden of giving security for damages and payment of rent, as is required in this case, is a substantial alteration of the right of jury trial, unless the right in this class of cases was subject to similar burdens at the time of and before the adoption of the constitution. *Copp* v. *Henniker,* 55 N. H. 193–202.

The forcible entry and detainer act of 1791 provided for the trial of forcibly and unlawfully entering and detaining lands and tenements before two justices with a jury, who awarded restitution of the land without inquiring into the merits of the title, and their judgment was no bar in a subsequent action. The act provided a summary remedy for the possession of land wrongfully withheld, and the facts were tried by jury. The provincial act of 1714, in force prior to 1791, contained the same provisions, with a jury of eighteen instead of twelve; and the act of 1791 continued, and was in practical use, until the enactment of the landlord and tenant act in 1831. At the time of the adoption of the constitution in 1792, and during a period of more than seventy-five years preceding that date, the right of jury trial in actions for the possession of land, where the relation of landlord and tenant did not exist, was not incumbered by any such burden as the statute imposed on the defendant in this case. The right was not left substantially as it had been "used and practised" before

the constitution, and the statute cannot be constitutionally applied to cases of this kind.

The burden of giving security for rent and damages in cases transferred on a plea of title, where the relation of landlord and tenant existed, was not an additional incumbrance of the right of jury trial in such cases; for, by the common law on the subject of landlord and tenant,—Statutes 4 Geo. II, *c.* 28, and 11 Geo. II, *c.* 19, in force here until the passage of the landlord and tenant act in 1831,—a tenant in arrears, holding over after demand of rent and notice to quit, was required to pay double rent for the time he detained the land from the possession of the landlord, a burden usually greater than that of giving security for rent and damages for detention. The New Hampshire act of 1831 gave a simpler remedy for the class of cases within its provisions, has been very generally beneficent in its results, in universal practice, and unquestioned in any case for nearly fifty years. But no provision of any English or provincial act in force here, and no practice prevailing before, at the time of, or since the adoption of the constitution, has recognized the jurisdiction of justices of the peace, or imposed burdensome restrictions upon a free right of trial by jury in real and possessory actions, where the relation of landlord and tenant did not exist, until the enactment of section twenty-three of the landlord and tenant act, on the adoption of the General Statutes in 1866. The enactment was not within the constitutional power of the legislature, and that section is void. The case is one in which the defendant, without regard to the question of title, had a right to a trial by jury, and a justice of the peace had no jurisdiction.

*Plaintiff nonsuit.*

STANLEY, J., did not sit.