### HERBERT D. MATHEWSON *vs.* FRANKLIN B. HAM.

PROVIDENCE—MAY 20, 1899.

PRESENT: Matteson, C. J., Stiness, Tillinghast, Wilbur, Rogers, Douglas, and Dubois, JJ.

(1) *Right of Trial by Jury.*

Gen. Laws R. I. cap. 237, § 9, which requires a defendant claiming a jury trial in an action for the possession of tenements let or held at will or by sufferance to give a bond to pay rent, damages, and costs, is not in violation of Art. I. § 15 of the constitution, which provides that "The right of trial by jury shall remain inviolate."

TRESPASS AND EJECTMENT. The facts are stated in the opinion. Heard on constitutional question certified from District Court. Constitutionality of statute sustained.

DUBOIS, J. This is an action of trespass and ejectment, brought by landlord against tenant, in the District Court of the Sixth Judicial District, to recover possession of a tenement let, and certified therefrom on questions involving the

constitutionality of Gen. Laws R. I. cap. 237, § 9, which reads as follows :

"Sec. 9.   Every defendant in an action for the possession of tenements let, or held at will or by sufferance, claiming jury trial, shall, in addition to making the payments required in and by section seven of this chapter, give bond to the plaintiff, with one or more sureties satisfactory to the district court, to pay all rent or other moneys due or which may become due pending the action under the tenancy, and such damages and costs as may be awarded against him, such bond to be filed with the clerk of the district court or person acting as clerk, at the time of claiming jury trial."

The defendant claims that the provisions of said section are void because they constitute an unreasonable restriction upon the right of trial by jury secured by article 1, section 15 of the constitution, which provides that "The right of trial by jury shall remain inviolate," and contends as follows : ."What then was the nature of the trial as known and used' at the time of the adoption of our constitution, on the first Tuesday in May, 1843 ?"

"Section 8 of "an act establishing justices of the Peace, and regulating the proceedings and trials in civil actions brought before them," in the Laws of Rhode Island, 1822, is as follows :

"Sec. 8.   And be it further enacted, That any party who shall be aggrieved at any judgment of any justice of the Peace or warden, may appeal therefrom to the next Court of Common Pleas holden in the same county, where the party so aggrieved shall have a hearing of said case, which shall be final; provided he shall within five days pay the costs, and give bond in said justice's court, in a sum not exceeding fifty dollars, with sufficient surety or sureties to prosecute such appeal with effect, or in default to pay costs."

Section 6 of said act provides that when the defendant in any action of trespass shall plead the title of himself or any other person in justification, the justice, upon having such plea filed, shall require the defendant to give bond to the adverse party in a reasonable sum, with sufficient surety or

sureties, to enter the action at·the next Court of Common Pleas to be holden within the same county, and to prosecute the same in the same manner as upon an appeal from a justice's judgment.

The aforesaid sections 8 and 6 are the only portion of said laws of 1822 which shed any light upon or in any way affect the question involved in the present case. And said sections 8 and 6 are to be found, with a few minor changes, substantially reënacted as sections 16 and 10 respectively of "An act in relation to justices of the Peace" in the Public Laws of Rhode Island of 1844. Between 1822 and 1844 no public law can be found which in any way affects or relates to the subject in controversy in this case. It may be presumed, therefore, that said sections 8 and 6 represent all the law existing at the time of the adoption of our constitution which can have any bearing upon the present question."

The argument is based upon an erroneous assumption. Prior to 1798 the sole remedy in Rhode Island for this class of cases, *i. e.*, actions for possession of tenements let, &c., was by the common law remedy of ejectment—a strictly possessory action, in which the plaintiff must have both title and right to possession, and over which justices of the peace never had jurisdiction. This remedy for the recovery of the possession of demised premises was found to be slow, technical, expensive, and ineffectual for the protection of the rights of landlords against obstinate or irresponsible tenants who, by resorting to the technicalities therein permitted, were able to withhold possession from landlords for an indefinite period. To alleviate such conditions and provide simpler methods, the legislatures of most of the States, following the English Statute XI. Geo. II. cap. 19, have provided a summary proceeding by which the landlord may speedily recover possession of his property. Wood's Landlord and Tenant, § 573; Taylor's L. & T. 8 ed. § 713. This statute was enacted in 1738; and by Rhode Island Public Laws, Digest 1798, p. 153, § 7, it was provided that special Courts of Common Pleas shall have cognizance, concurrently with the ordinary Courts of Common Pleas, of all actions brought before them against

tenants who hold over their terms, for the recovery of the possession of the tenements or estates leased. This appears to have been the first provision for a summary remedy in this State in such cases. These provisions were continued in Digest of 1822, p. 117. A right of jury trial was conferred in and by said statutes.

Such was the nature of the trial as known and used at the time of the adoption of our constitution, May 2, 1843.

The right of trial by jury, secured by the constitution, is simply the right to that kind of trial in all such cases as were triable by jury at the time of the adoption of the constitution, without any restrictions or conditions which materially hamper or burden the right. *Mathews* v. *Tripp,* 12 R. I. 256. The change of tribunals does not violate the right of trial by jury. " The right of a trial by jury is not necessarily such a trial in the first instance." *Littlefield* v. *Peckham,* 1 R. I. 500. " The requirement is satisfied by a provision in a statute allowing a jury trial to any person seasonably taking an appeal." *Weaver* v. *Sturtevant,* 12 R. I. 537. " The right of jury trial is preserved by the appeal, if the provisions for it and the conditions imposed be reasonable." *The Liquors of McSoley,* 15 R. I. 608 ; *Littlefield* v. *Peckham,* 1 R. I. 500. " The constitutional right of jury trial is not infringed if a reasonably unfettered right of appeal from a justice to a jury court is allowed." *Copp* v. *Henniker,* 55 N. H. 179 ; *Perkins* v. *Towle,* 58 N. H. 425. The only question is whether the conditions are so onerous as to amount to a substantial denial of the right.

" The exacting of bail for an appeal to secure no more than the just rights of the landlord, on the tenant's failure to establish his own right, to deny him the restoration of his property, is not an onerous condition. This imposes no harder burden than did the common law, from which the trial by jury is derived, which held not the property but the persons of debtors to bail, in order to await the issue of the action." *Haines* v. *Levin,* 51 Pa. St. 412.

" The burden of giving security for rent and damages, in cases where the relation of landlord and tenant existed, was

not an additional incumbrance of the right of jury trial in such cases; for, by the common law on the subject of landlord and tenant, Statutes IV. Geo. II. cap. 28, and XI. Geo. II. cap. 19, in force here until the passage of the landlord and tenant act in 1831, a tenant in arrears, holding over after demand for rent and notice to quit, was required to pay double rent for the time he detained the land from the possession of the landlord, a burden usually greater than that of giving security for rent and damages for detention. The New Hampshire act of 1831 gave a simpler remedy for the class of cases within its provisions, has been very generally beneficent in its results, in universal practice, and unquestioned in any case for fifty years." *Perkins* v. *Towle*, 58 N. H. 425.

In 1731 cap. 28, IV. Geo. II. was enacted, and was entitled " An act for the more effectual preventing frauds committed by tenants, and for the more easy recovery of Rents and renewal of leases." Section 1 of said act reads as follows: " For securing to lessors and land owners their just rights, and to prevent frauds frequently committed by tenants, Be it enacted &c., That in case any tenant or tenants for any term of life, lives or years, or other person or persons, who are or shall come into possession of any lands, tenements or hereditaments, by, from or under, or by collusion with such tenant or tenants shall wilfully hold over any lands, tenements, or hereditaments, after the determination of such term or terms and after demand made and notice in writing given, for delivering the possession thereof, by his or their landlords or lessors, or the person or persons to whom the remainder or reversion of such lands, tenements or hereditaments shall belong, his or their agent or agents thereunto lawfully authorized; then and in such case such person or persons so holding over, shall, for and during the time he, she and they shall so hold over, or keep the person or persons entitled out of possession of the said lands, tenements and hereditaments, as aforesaid, pay to the person or persons so kept out of possession, their executors, administrators or assigns, at the rate of double the yearly value of the lands, tenements and heredit-

aments, so detained, for so long time as the same are detained, to be recovered in any of his Majesty's courts of record, by action of debt, whereunto the defendant or defendants shall be obliged to give special bail, against the recovering of which said penalty there shall be no relief in equity."

(1)      The legislature has the right to impose reasonable conditions, in its discretion, upon parties claiming jury trial, and has the right to vary those terms and conditions, from time to time, according to the varying exigencies of different cases ; and the requirement that a defendant in an action for the possession of tenements, &c., claiming jury trial, shall, in addition to making the payments of costs required in and by section 7 of said chapter 237, give bond to the plaintiff, with one or more sureties, &c., to pay all rent or other moneys due or which may become due pending the action, &c., and such damages and costs as may be awarded against him, only secures to the plaintiff his just rights, is not an onerous condition, and is not an additional incumbrance upon the right of trial by jury in this State; for, at the time of the adoption of the constitution, and for a long time prior thereto, said statutes of George II. above referred to were a part of the common law of the colony and State.   We have been referred to no decision that sustains the contention of the defendant that it is unconstitutional for the legislature to require of a defendant claiming jury trial, or appealing in summary proceedings brought by landlord against tenant, that he give bond to pay rent, damages, and costs.   Such requirement is the rule and not the exception, and its constitutionality has rarely been questioned and never authoritatively denied.

In our opinion said § 9, cap. 237 of the General Laws does not violate any of the provisions of the constitution, and the case must be remitted to the District Court for further proceedings.   Order accordingly.

*Robert W. Burbank*, for plaintiff.
*Arthur Cushing*, for defendant.