239 A.2d 186.

BRIGGS DRIVE, INC. *et al. vs.* WARREN F. MOOREHEAD *et al.*

MARCH 14, 1968.

PRESENT: Roberts, C. J., Paolino, Powers, Joslin and Kelleher, JJ.

JOSLIN, J. This is a complaint for relief from an alleged overassessment by the tax assessors of the town of East Greenwich of the tax assessed as of December 31, 1965. It was brought in the superior court pursuant to G. L. 1956, §44-5-26, by Briggs Drive, Inc., the owner of the assessed property on the assessment date, and by Textron, Inc., which, in the interval between that date and the commencement of this action, purchased the property and assumed the liability for the taxes due thereon. Three of the four defendants are the town's tax assessors and the fourth is its tax collector. In the superior court, the plaintiffs moved to change the venue from Kent to Providence County, and "To strike Defendants' claim for trial by jury because the Defendants, acting as a public governmental body, are not entitled to claim a jury trial and because such a claim would defeat Plaintiffs' right to waive a jury trial."

The motion to change the venue was granted, but that to strike the defendants' claim for a jury trial was denied. Even though the ruling denying the motion to strike was

interlocutory, an overriding public interest in the resolution of the jury trial issue which it raises prompted us to grant certiorari. 102 R. I. 762, 232 A.2d 392.

The only question before us is the entitlement of municipal taxing officials to a jury trial in a taxpayer's suit for a review of the taxes assessed against him. If such a right exists, its origins must be found either in the constitution or in some legislative enactment. Without such a basis, the right does not and cannot exist. *Ronci Mfg. Co.* v. *Director of Pub. Works,* 99 R. I. 723, 210 A.2d 585. The Rhode Island constitution declares in art. 1, sec. 15, that the right of trial by jury shall remain inviolate. That declaration preserves the right to a jury trial in proceedings which were triable to a jury at the time of the adoption of the constitution; it does not create rights where none preexisted. *Merrill* v. *Bowler,* 20 R. I. 226, 38 A. 114. When the constitution was adopted, suits for the revision of tax assessments,[1] although cognizable in our courts, were not tried to a jury, and a taxing official cannot, therefore, claim such a right under the constitution *Opinion of the Justices,* 34 R. I. 191, 83 A. 3; *Bishop* v. *Tripp,* 15 R. I. 466, 8 A. 692; *Crandall* v. *James,* 6 R. I. 144.

To ascertain whether such a right is provided by statute, we look first at Pub. Stat. 1882, chap. 43, sec. 15, because it sets out the basic plan and procedures which still obtain. It provided, in substance, that any person claiming to be aggrieved by an assessment against him might petition

---

[1] We are not concerned here with an *illegal,* as distinguished from an erroneous, assessment. Only the former is void, and to recover what may have been paid on account of a void assessment, the taxpayer's remedies are those which the common law provides for recovery whenever a payment has been illegally extracted, viz., the taxpayer may sue the municipality in assumpsit to recover what has been paid with interest; or he may treat the assessors who issued the illegal warrant as trespassers and recover from them damages to his person or property. In either of those proceedings questions of law will be for the court and of fact for the jury. *Greene* v. *Mumford,* 5 R. I. 472.

either the supreme court or the court of common pleas for relief. While it did not grant the parties, or either of them, the right to have a jury determine the factual issues, that right was not long in coming and was specifically granted to both a petitioner and the assessors by P. L. 1892, chap. 1064, which reads:

"Sec. 15. Any person aggrieved thereby may, within six months after the time appointed for the payment of such tax, petition the supreme court or court of common pleas in the county for relief from such assessment, which court shall give reasonable notice to the assessors to answer the same, and *either said petitioner or said assessors may, on demand, have a trial by jury therein,* and if on trial of said petition, *either with or without a jury,* it shall appear that such person has concealed or omitted any property from his account, or has not placed a fair value thereon, the assessors shall have judgment and execution for their costs." (italics ours)[2]

The 1892 amendment continued in effect until the enactment of the general laws of 1896. The changes made then came about when the legislature adopted and enacted into law a report prepared under authority of P. L. 1890, chap. 831, secs. 1 and 2, by three persons whom the statute required to be "learned in the law" and who were appointed to revise and consolidate the laws of this state by bringing "* * * together all statutes and parts of statutes which, from similarity of subject, ought to be brought together, omitting redundant and obsolete enactments, and making such alterations as may be necessary to reconcile the contradictions, [and] supply the omissions and amend the imperfections of the original text * * *." The commissioners in the discharge of their duties reported to the general assembly in 1895 and their report was thereafter enacted as the general laws of 1896.

---

[2]The italicized language reflects the changes made in Pub. Stat. 1882, chap. 43, sec. 15, by P. L. 1892, chap. 1064.

That revision changed the language of the 1892 enactment and in addition fragmented what had been a single section into three separate sections. The first fixed the time for bringing suit, the forum where it should be brought and the form of process; the second, in defining the trial procedures, deleted the 1892 provision which gave to both the taxpayer and the assessors the right to claim a jury trial and provided in its stead that the "petition shall be subject to all provisions of law as to time for pleading, claim for jury-trial, assignment-day, and all other incidents applicable to, an action at law * * *"; and the third copied the 1892 provision that judgment should enter for the assessors for their costs " * * * if on trial of said petition, either with or without a jury * * *" it should appear that the taxpayer had not established a right to relief. Thus fragmented, the three sections, as they appeared in the 1896 revision, chap. 46, read:

> "Sec. 15. Any person aggrieved thereby may, within six months after the time appointed for the payment of such tax, petition[3] the common pleas division of the supreme court, in the county, for relief from such assessment; and to that end shall apply to the clerk of said common pleas division for, (and said clerk shall thereupon issue,) a citation substantially in the following form * * *."

> "Sec. 16. Said citation shall be made returnable, shall be served, and shall be entered in court with said petition, in like manner as a writ of summons and declaration in, and said petition shall be subject to all *provisions of law as to time for pleading, claim for jury-trial, assignment-day, and all other incidents applicable to,* an action at law originally commenced in said common pleas division * * *." (italics ours)

---

[3]By P. L. 1893, chap. 1224 (chap. 2, sec. 55), jurisdiction over suits for relief from municipal assessments, under the 1892 act in the supreme court of the court of common pleas, was given to the common pleas division of the supreme court.

"Sec. 17. If on trial of said petition, *either with or without a jury,* it shall appear that such person has wilfully concealed or omitted any property from his account, or has not placed a fair value thereon, the assessors shall have judgment and execution for their costs." (italics ours)

The language of G. L. 1896, chap. 46, sec. 16, the key section, was later amended by the Court & Practice Act of 1905. That act, although not a compilation of statutes, was in the nature of a revision and was prepared by a commission which operated under a limited legislative directive. Its authority was explicitly restricted by the enabling legislation, Vol. 98 Acts & Resolves, p. 153, passed April 13, 1904, "* * * to determine what additions to and amendments of the laws of this state are required to be made *in order to carry into effect the twelfth article of the amendments to the constitution thereof,* and to report to the general assembly their findings by bill or otherwise." (italics ours)

Its report, which in due course was enacted as the Court & Practice Act of 1905, recommended the abolition of the common pleas division of the supreme court and the creation of the superior court as the tribunal of general trial jurisdiction as well as such changes in the statutes as to the commissioners seemed reasonably suited to the effectuation and accomplishment of those purposes. In the course thereof, G. L. 1896, chap. 46, sec. 16, underwent two changes. Jurisdiction to hear tax cases was given to the superior court and the phrase "claim for jury-trial" was deleted (sec. 1100 of the Court & Practice Act). Reflecting those changes the applicable statute thereafter read:

"Sec. 16. Said citation shall be made returnable and shall be served in like manner as a writ of summons, and *said petition shall be subject to all provisions of law as to time for pleading, assignment day, and all other incidents applicable to an action at law originally commenced in the superior court;* and said court shall

have exclusive original jurisdiction of all such petitions, notwithstanding that the amount involved shall not exceed five hundred dollars."[4] (italics ours)

Although technical changes have since been made in the applicable statutes, in substance and insofar as here pertinent they read today as they did immediately following the 1905 changes. Thus, under the present day statute, an aggrieved taxpayer may within a time therein prescribed apply to the superior court for relief (§44-5-26), and his petition when filed, becomes "* * * subject to all provisions of law as to time for pleading, assignment day, and all other incidents applicable to an action at law originally commenced in the superior court * * *." (§44-5-29) Judgment enters in such proceedings after "trial of said petition, either with or without a jury * * *." (§§44-5-30 and 44-5-31)

We have recited the statutory history at some length primarily because a reference to that history is essential to a consideration of the view urged by plaintiffs during oral argument. The theory advanced in their brief was that only the person aggrieved by an assessment, and not the taxing officials, might claim a jury trial on a petition for relief. During oral argument, however, upon questioning from the bench, they appeared to abandon that position and to urge instead that under the 1896 revision the law reverted to what it had been in 1882 when there was no provision for a jury trial in this kind of a proceeding. Their oral argument, it appears to us, gives undue significance to the 1896 deletion and ignores the provision which replaced it. True, the specific right to a jury trial, which in 1892 had been granted to both the taxpayer and the taxing officials, was excised in the 1896 revision, but its replacement, even as altered by the Court & Practice Act of 1905, provided that the petition of a person aggrieved by an assess-

---

[4]Under the Court & Practice Act of 1905, sec. 136, $500 was the jurisdictional limit for suits in the district court.

ment should be "subject to all provisions of law as to time for pleading, assignment day, and all other incidents applicable to an action at law originally commenced in the superior court * * *." (now §44-5-29)

That provision, however, is not the only one in the chapter on the Levy and Assessment of Local Taxes (title 44—chap. 5) which is relevant to the question of entitlement to a jury trial in a relief from a tax assessment proceeding. Sections 44-5-30 and 44-5-31 are also pertinent inasmuch as they provide that the judgments in such proceedings shall enter "on the trial of said petition, either with or without a jury * * *." Section 44-5-29 must, therefore, be construed with reference to §§44-5-30 and 44-5-31, *Edwards* v. *Cardarelli*, 65 R. I. 236, 14 A.2d 693. When that is done, it seems reasonably evident that among the "other incidents applicable" to a petition for relief from an assessment of taxes is the right of either the taxpayer or the taxing officials to claim a trial by jury.

Even if we accept the view also suggested in oral argument, that the statutes upon which defendants relied when they claimed a jury trial are ambiguous and uncertain, we construe them no differently. Faced with an ambiguous statute and language of doubtful meaning, however, our approach is different, and in our search for the legislative intention, we resort to constructional aids. It is in this area that our review of the history of the statutes has relevance.

The 1896 deletion and the 1905 alteration were not specifically designed either to amend or to change the substance of the general taxing statutes. They were instead the end-products, respectively, of a general consolidation of all state statutes and of a statutory revision undertaken to implement the twelfth amendment to the state constitution and incidental to the abolition of the common pleas division of the supreme court and the creation of the superior court

as the trial court of general jurisdiction in this state. In such instances, we presume that the revisions did not affect or change the existing law and that the revised statutes, even if they rephrased or excised existing language or added new language, carried with them the same meaning as the original enactments. That presumption applies, of course, only if the changes were not specifically brought to the attention of the legislature by those charged with preparing the revisions and were not thereafter formally enacted as separate legislation. *Viola* v. *Cahir,* 70 R. I. 394, 40 A.2d 733; *Testa* v. *Waldman,* 93 R. I. 187, 172 A.2d 338.

The logic and rationale giving rise to such a presumption is obvious. A revision commission has no authority either to change the law or to alter the substance of the statutes, and it must, therefore, be assumed that it acted within and not beyond the limits of the authority conferred in the enabling legislation. It is charged with rearranging, rephrasing, and consolidating so that redundancies may be avoided, obsolete enactments eliminated, contradictions reconciled, omissions supplied and imperfections cured. That, as the court said in *Viola* at 399, 40 A.2d at 736, is a "monumental undertaking" and the legislature, when it receives the report of a revision commission, cannot possibly give to it the consideration which is given to bills in the ordinary course of the legislative procedure. Because of these considerations, the construction of an existing statute is not affected by a general revision even though existing language is deleted, added to or rephrased, unless the legislature has been alerted to the specific changes and has formally enacted them as a part of the revision.

In this case, nothing in the statutory history suggests that the commissioners in 1895 or in 1905 either advised the legislature that they were recommending specific changes in the statutes affecting the right of either party to claim a jury trial on a petition for a review of a tax assess-

ment or that the legislature, except as a part of a revision, enacted those changes. The 1896 revision as amended by the 1905 Act carries with it, therefore, the 1892 meaning. On the meaning of the 1892 enactment, there can be no question. It specifically provided that upon the trial of any petition brought for relief from an assessment "either said petitioner or said assessors may, on demand, have a trial by jury therein * * *."

In their brief, however, the plaintiffs take a different tack. There, while they concede that there may be a jury trial on a petition for relief from a tax assessment, they argue that only the person aggrieved by the assessment may claim it. In support of that position they rely on *Ronci Mfg. Co.* v. *Dir. of Public Works*, 99 R. I. 723, 210 A.2d 585. That case must be read with *Atlantic Ref. Co.* v. *Director of Pub. Works*, 98 R. I. 167, 200 A.2d 580. We held in *Atlantic* that the right to a jury trial granted by the condemnation statutes was a legislative declaration of a condemnee's constitutional right to such a trial; and in *Ronci* we found that the state had no such right under the constitution and that the condemnation statutes neither expressly nor by implication created one.

While there may be similarities between the condemnation and tax assessment statutes, such similarities are in language only and are not of substance. The condemnation statutes are declaratory, not creative: and while they declare the right secured to the property owner by the constitution, they do not grant to the state the right to claim a jury trial.

A taxpayer, unlike a condemnee, however, has no constitutional entitlement to a jury trial, and the jury-trial language of the taxing statutes, unlike that of the condemnation legislation, is creative of a new right, rather than declarative of a preexisting right. It is this fundamental difference in the nature of the two statutory plans which

makes the *Ronci* case inapposite. Without support from the *Ronci* rationale, the tax assessment statutes cannot reasonably be construed as granting the taxpayer the right to claim a jury trial and at the same time as withholding that right from the taxing officials.

Our holding, then, is that the municipal taxing officials are entitled to claim a jury trial in a taxpayer's suit for a review of the tax assessed against him.

The petition for certiorari is denied and dismissed, and the writ heretofore issued is quashed.

*Tillinghast, Collins & Tanner, Thomas R. Wickersham, John J. Partridge,* for petitioners.

*A. Earl Shaw, Jr.,* Assistant Town Solicitor of the Town of East Greenwich, for respondents.