**TOWN OF CHARLESTOWN**

v.

**Angelo FALCONE et al.**

**No. 87-312-Appeal.**

Supreme Court of Rhode Island.

June 21, 1989.

Joseph DeAngelis, Licht & Semonoff, Providence, and Richard C. Panciera, Westerly, for plaintiff.

Leonard L. Bergersen, Peacedale and Philip M. Sloan, Jr., Orsinger & Nardone, Westerly, for defendants.

OPINION

FAY, Chief Justice.

This is an appeal from a declaratory judgment in the Superior Court in favor of the defendants on their motion for summary judgment. We affirm the trial justice's decision. The pertinent facts are as follows.

On July 16, 1986, defendants, Angelo and Janice Falcone, sold a portion of lot No. 135 located on the town of Charlestown assessor's plat No. 12 to Louis A. Gencarelli, Sr. (Gencarelli). The parcel of land conveyed measures approximately 24,000 square feet, fronts U.S. Route 1 for 163 feet, and is between 150 and 180 feet deep. The plaintiff, town of Charlestown, subsequently notified defendants that the division of the lot was considered a subdivision. Therefore, plaintiff stated, the conveyance violated the town's subdivision rules and regulations and the General Laws of Rhode Island.

Thereafter, plaintiff required defendants to submit a plan in order to gain the approval of the town planning board. After defendants failed to submit any proposal to the planning board, plaintiff filed suit,

claiming that U.S. Route 1 was not an "existing street" and that defendants' conveyance therefore constituted a subdivision under G.L.1956 (1988 Reenactment) § 45–23–1.[1] The plaintiff requested a permanent injunction to restrain defendants from any further transfer of property and asked the trial justice to rescind the transfer to Gencarelli. The defendants counterclaimed and sought a declaratory judgment that U.S. Route 1 is an "existing street" as defined by § 45–23–1. Since the conveyance did not fall within the purview of the statute, defendants maintained that approval by the town planning board was not required.

On July 7, 1987, defendants filed a motion for summary judgment. In reviewing the motion, the trial justice found that U.S. Route 1 was an "existing street" as defined by § 45–23–1. Therefore, he determined that the property in question was excluded from the town's subdivision regulations. Since no issue of material fact existed, the trial justice granted defendants' motion for summary judgment.

The sole issue before us is whether the trial justice erred in deciding that the division and sale of the lot by defendants to Gencarelli did not constitute a subdivision under § 45–23–1. The primary object in construing a statute is to determine the legislative intent and to effectuate such intent whenever it is within the authority of the Legislature. *Lake v. State*, 507 A.2d 1349, 1351 (R.I.1986); *Bassett v. DeRentis*, 446 A.2d 763 (R.I.1982); *Gott v. Norberg*, 417 A.2d 1352 (R.I.1980). An examination of the language, nature, and object of a statute assists in establishing the intent of the Legislature. *Howard Union of Teachers v. State*, 478 A.2d 563, 565 (R.I. 1984) (citing *Berthiaume v. School Committee of Woonsocket*, 121 R.I. 243, 247, 397 A.2d 889, 892 (1979)). In reviewing the statutory language, we ordinarily give strict meaning to statutory definitions, *State v. Delaurier*, 488 A.2d 688, 693 (R.I. 1985), and may also resort to constructional aids. *Briggs Drive, Inc. v. Moorehead*, 103 R.I. 555, 562, 239 A.2d 186, 190 (1968). When the language of the statute, however, is found to be ambiguous and uncertain, we may review the statutory history. *Id.*

In the case at bar we initially examine a local planning board's jurisdictional limits concerning the sale of real estate within its boundaries. Local cities and towns are authorized to establish planning boards to regulate the subdivision of land. *See Town of Coventry v. Glickman*, 429 A.2d 440, 443 (R.I.1981); § 45–23–2. Section 45–23–1 allows a planning board to maintain authority over the sale of real estate if the sale constitutes a subdivision within the defini-

---

**1.** The statute in force at the time of this action, G.L.1956 (1980 Reenactment) § 45–23–1, was amended by the 1988 Reenactment. However, no substantive changes were made to the text of the statute. For the purpose of clarity we will refer to § 45–23–1 in its 1988 Reenactment format.

General Laws 1956 (1988 Reenactment) § 45–23–1 provides the following:

"Definitions.—As used in this chapter:

(1) The word 'subdivision', shall mean the division of a lot, tract, or parcel of land into two (2) or more lots, tracts, parcels, or other divisions of land for sale, lease, or other conveyance, or for development, simultaneously or at separate times.

It also includes resubdivision and, when appropriate to the context, shall relate to the process of subdividing or to the land subdivided.

Division of a lot, tract, or parcel shall not be subject to the provisions of this chapter if each lot, tract, or parcel resulting from the division meets all of the following conditions:

(a) An area and dimension at least equal to that required by the subdivision regulations and/or zoning ordinance applicable to the land, whichever is the greater;

(b) Frontage on an existing street which has been dedicated to the public and accepted by the city or town having jurisdiction, provided the frontage meets the minimum requirements of front lot lines according to zoning or subdivision regulations;

(c) Frontage at the minimum setback or building line which is not less than seventy-five percent (75%) of that required at the front lot line or street line by the zoning ordinance and/or subdivision regulations applicable to the land, whichever is greater; and

(d) Provision is made for access to any area isolated from frontage on an existing public street by said division, by reservation of outlots or designation of a mapped street as provided for by chapter 23.1 of title 45."

tion of the statute. *Sugarman v. Lewis*, 488 A.2d 709, 710 (R.I.1985) (citing *Weaver v. United Congregational Church*, 120 R.I. 419, 388 A.2d 11 (1978), and *Taylor v. Marshall*, 119 R.I. 171, 376 A.2d 712 (1977)). This statutory provision, however, also includes criteria that may exclude designated real estate from regulation under the statute. In order to be exempt from the jurisdiction of a planning board, a division of property must meet four enumerated conditions.

Prior to trial the parties stipulated that two of the requirements for exemption under § 45–23–1 had been established. Both parties agreed that the area and the dimension of the parcel of land conveyed satisfied § 45–23–1(1)(a). In addition, they concurred that the property exceeded the minimum frontage requirement under § 45–23–1(1)(c). Therefore, the trial justice considered whether the two remaining provisions of the statute had been met. These conditions were as follows. First, § 45–23–1(1)(b) required the division of the property to have "[f]rontage on an existing street which has been dedicated to the public and accepted by the city or town." Second, under § 45–23–1(1)(d) a provision must have been made for "access to any area isolated from frontage on an existing public street."

Specifically the town of Charlestown maintained that the property in question failed to meet the exception requirement of § 45–23–1(1)(d). The plaintiff contends that U.S. Route 1 is not an existing street but is a freeway under G.L.1956 (1979 Reenactment) § 24–10–1. This section provides that abutters of a freeway have no easement or right of light, air, or access. The plaintiff asserts that since U.S. Route 1 is a freeway, defendants have no right of access.

In deciding whether the frontage requirement of § 45–23–1(1)(b) and the access requirement of § 45–23–1(1)(d) were satisfied, the trial justice noted that the statute was vague and ambiguous. Therefore, the trial justice began his examination of the statutory provisions by analyzing the term "existing street" referred to in the statute.

The focus of his review was on whether U.S. Route 1 is an "existing street" pursuant to §§ 45–23–1(1)(b) and 45–23–1(1)(d).

The trial justice found the frontage and access requirements ambiguous, because the statute did not contain a definition of existing street. Nevertheless the trial justice determined, through the legislative history, that the original statute contained a definition of street. Because the present statute was ambiguous, the trial justice reviewed the prior definition to ascertain the legislative intent. The word street was previously defined in G.L.1956 (1970 Reenactment) § 45–23–1 as follows: "The word 'street' includes street, avenue, highway, boulevard, parkway, road, lane, alley and other ways." The trial justice then applied the prior statutory definition and concluded that defendants' conveyance of the parcel of real estate to Gencarelli did not constitute a subdivision, holding that U.S. Route 1 is an existing street. The trial justice, therefore, found that the frontage requirement of § 45–23–1(1)(b) and the access requirement of § 45–23–1(1)(d) had been satisfied and that the planning board was without jurisdiction over the sale.

The trial justice's adoption of the definition of street is also supported by the town's code of ordinances. This code provides that "[street] includes street, avenue, highway, boulevard, parkway, road, lane, alley and other ways," Code of Ordinances, Town of Charlestown, appendix A, chapter XC, subdivision, sec. 1, art. B(2) (1979), and is the equivalent of the definition originally included in § 45–23–1. Additionally, the definition of street contained in the town zoning ordinance's section of the code also conforms with the trial justice's definition. The zoning ordinance provides that "street" is defined as "a public way established or maintained under public authority, a private way open for public uses, and a private way platted or laid out for ultimate use whether or not constructed." Appendix B, chapter LXXIII, *Zoning*, art. X, § 2(27).

We believe that the question of whether U.S. Route 1 is a street within the meaning of § 45–23–1 was properly decided as a

matter of law. Accordingly, we find that the parcel of land conveyed by defendants has both frontage as required by § 45–23–1(1)(b) and access as required by § 45–23–1(1)(d). Therefore, we affirm the trial justice's decision that the division of real estate did not constitute a subdivision and that the planning board was without jurisdiction over the sale.

Finally we note that we review the propriety of a summary-judgment order on appeal by the same standards as the trial justice. *Rustigan v. Celona,* 478 A.2d 187, 190 (R.I.1984) (citing *Steinberg v. State,* 427 A.2d 338, 340 (R.I.1981)). As a prerequisite to an order for summary judgment, the trial justice must review the pleadings, affidavits, admissions, answers to interrogatories, and other appropriate evidence from a perspective most favorable to the party opposing the motion. *Rustigan v. Celona,* 478 A.2d at 189 (citing *Steinberg v. State,* 427 A.2d at 340, and *Hodge v. Osteopathic General Hospital of Rhode Island,* 107 R.I. 135, 142, 265 A.2d 733, 737 (1970)). The trial justice's only function is to determine whether there is a genuine issue concerning any material fact. *Steinberg v. State,* 427 A.2d 338, 340 (R.I.1981) (citing *Industrial National Bank v. Peloso,* 121 R.I. 305, 307, 397 A.2d 1312, 1313 (1979)). Consequently, if no issues of material fact appear, then the moving party is entitled to judgment as a matter of law. *Rustigan v. Celona,* 478 A.2d at 189 (citing *Steinberg v. State,* 427 A.2d at 340). We believe that no issue of material fact existed and accordingly affirm the trial justice's grant of an order for summary judgment.

For the reasons stated above, the plaintiff's appeal is denied. The summary judgment entered below is affirmed, and the records certified to us are ordered returned to the Superior Court with our decision endorsed thereon.