Walter VAN CALA

v.

Tiverton GETTY.

No. 2000–31–Appeal.

Supreme Court of Rhode Island.

May 4, 2001.

---

Walter Van Cala—Pro Se.

Michele M. Lataille, Providence, for Defendant.

Present WILLIAMS, C.J., LEDERBERG, BOURCIER, FLANDERS, and GOLDBERG, JJ.

## OPINION

PER CURIAM.

This case came before the Supreme Court on March 8, 2001, pursuant to an order directing both parties to appear and show cause why the issue raised in this appeal should not be summarily decided. The plaintiff, Walter Van Cala (plaintiff or Van Cala), appealed the grant of a judgment as a matter of law entered in favor of the defendant, Tiverton Getty (defendant or Getty). After hearing the arguments of counsel and reviewing the memoranda submitted by the parties, we are of the opinion that cause has not been shown. Therefore the case will be decided at this time.

This case arose from an alleged slip and fall occurring at defendant's service station on May 13, 1996. On February 27, 1997, Van Cala filed a personal injury action against defendant, seeking to recover for injuries he allegedly suffered from the fall. The complaint included a demand for a jury trial. In its answer to the complaint, defendant also demanded a jury trial.

On December 7, 1999, the case was reached for trial in Newport County Superior Court. However, a nonjury trial was held in which plaintiff appeared *pro se*. At the close of the plaintiff's case, defendant moved for a judgment as a matter of law pursuant to Rule 50 of the Superior Court Rules of Civil Procedure. The trial justice granted defendant's motion, finding that plaintiff failed to establish a *prima facie* case of negligence and had not produced any evidence to support his claim. An order and a judgment were entered to that effect on January 12, 2000. The plaintiff filed a timely appeal.

■ On appeal plaintiff, again appearing *pro se*, asserted that he was denied his right to a jury trial. In addition, he alleged that defendant's attorney had engaged in an *ex parte* communication with the trial justice before the trial began. However, with the exception of this bald allegation, plaintiff had failed to point to any record evidence to support this claim. Further, defense counsel vigorously denied that an *ex parte* communication with the trial justice occurred in this case. We accept this representation. Based on plaintiff's failure to point to any record evidence to support this alleged communication, we conclude that this claim is devoid of merit; therefore, we shall address only plaintiff's assertion that he was denied his right to a trial by jury.

■ Although defendant conceded that Van Cala did, in fact, demand a trial by jury, defendant argued that plaintiff's failure to renew his demand for a jury trial on the day of trial amounted to a waiver that was fatal to his appeal. In Rhode Island, "the constitutional right to have issues of fact determined by a jury is preserved as it existed at common law at the time of the adoption of our original constitution in 1842 * * *." *Egidio DiPardo & Sons, Inc. v. Lauzon*, 708 A.2d 165, 171 (R.I.1998); *see also In re McCloud*, 110 R.I. 431, 435, 293 A.2d 512, 515 (1972); *Mathewson v. Ham*, 21 R.I. 311, 314, 43 A. 848, 849 (1899), *overruled in part with respect to criminal trials; State v. Holliday*, 109 R.I. 93, 104 n. 2, 280 A.2d 333, 339 n. 2 (1971). Further, article 1, section 15, of the Rhode Island Constitution guarantees that "[t]he right of trial by jury shall remain inviolate." *Bendick v. Cambio*, 558 A.2d 941, 943 (R.I.1989) (quoting *Briggs Drive, Inc. v. Moorehead*, 103 R.I. 555, 557, 239 A.2d 186, 187 (1968)). In addition to this constitutional guarantee, a claimant's right to a trial by jury also is preserved under Rule 38 the Superior Court Rules of Civil Procedure.[1]

---

1. Rule 38 of the Superior Court Rules of Civil Procedure provides in pertinent part:

"**Jury trial of right.**— (a) *Right Preserved.* The right of trial by jury as declared by Article I, Section 15 of the constitution of this state or as given by a statute shall be preserved to the parties inviolate.

(b) *Demand.* Any party may demand a trial by jury of any issue triable of right by a jury by

(1) serving upon the other parties a demand therefor [sic] in writing at any time after the commencement of the action and not later than 10 days after the service of the last pleading directed to such issue, and

(2) filing the demand as required by Rule 5(d). Such demand may be indorsed upon a pleading of the party.

(c) *Specification of Issues.* In the demand a party may specify the issues which the party wishes so tried; otherwise the party shall be deemed to have demanded trial by jury for all the issues so triable. If the party has demanded trial by jury for only some of the issues, any other party within 10 days after service of the demand or such lesser time as the court may order, may serve a demand for trial by jury of any other or all of the issues of fact in the action.

(d) *Waiver.* The failure of a party to serve and file a demand as required by this rule

Once a demand for a jury trial is made pursuant to Rule 38(b), Rule 39(a) provides the only mechanism in which the parties or the court may waive a prior jury trial demand.[2] Moreover, although one party may consent to the waiver of a jury trial, this Court has held that consent of all parties is required for a valid waiver. *See Blazar v. Perkins*, 463 A.2d 203, 207 (R.I. 1983) (once one party requests a jury trial, "the consent of *all* parties is required to waive a trial by jury on the issues demanded").

In the case before us, both parties demanded a jury trial. The plaintiff properly demanded a trial by jury in his complaint, and defendant made a similar demand in its answer. Before this Court neither party has asserted that it waived its right to a jury trial; nor was a stipulation filed with the court consenting to a waiver of a jury trial. The record is devoid of any stipulation written or otherwise by the parties relative to a waiver of a jury. Moreover, the trial justice made no finding that the issues before her were inappropriate for determination by a jury.

 Therefore, consistent with the state constitutional guarantee, we conclude that once a proper demand for a trial by jury has been made, that right shall be preserved. The right to a trial by jury is not waived unless one of the requirements set forth in Rule 39(a) is satisfied. Nor is a party who has properly asserted a de-

mand for a jury trial required, under Rule 38, to renew such a demand on the date of trial. Based on the above, we are of the opinion that the plaintiff's right to a trial by jury was denied and plaintiff is therefore entitled to a new trial.

For the reasons set forth herein, the plaintiff's appeal is sustained. The judgment is vacated and the papers in this case are remanded to the Superior Court in accordance with this opinion.

constitutes a waiver by the party of trial by jury. A demand for trial by jury made as herein provided may not be withdrawn without consent of the parties. (As Amended September 5, 1995.)"

2. Rule 39 provides in pertinent part:
"(a) *By Jury.* When trial by jury has been demanded as provided in Rule 38, the action shall be designated upon the docket as a jury action. The trial of all issues so demanded shall be by jury, unless

(1) the parties or their attorneys of record, by written stipulation filed with the court or by an oral stipulation made in open court and entered in the record, consent to trial by the court sitting without a jury or
(2) the court upon motion or of its own initiative finds that a right of trial by jury of some or all of those issues does not exist under the constitution or statutes of this state."