FRANK M. KANE *et al. vs.* OSCAR E. LAPRE.

JULY 15, 1943.

PRESENT: Flynn, C. J., Moss, Capotosto, Baker and Condon, JJ.

CONDON, J. This is a bill in equity to enjoin the respondent from keeping swine in the town of Smithfield in violation of general laws 1938, chap. 601, § 13 which forbids the keeping of swine "to be fed on swill, offal or other decaying substances, brought from any other town, except in such place therein as shall be designated by the town council thereof." The complainants are the members of the town council of the town of Smithfield, who, in their collective official capacity as such town council, have brought this bill as authorized by § 22 of said chapter.

The cause was heard in the superior court on bill, answer and oral proof and resulted in a decision in favor of the complainants. A decree enjoining respondent as prayed for in the bill was thereupon duly entered in that court. From such decree the respondent has claimed an appeal and has prosecuted his reasons of appeal to this court.

His appeal raises only questions of law. He admits that he is keeping swine in the town to be fed on swill brought into

the town from the city of Pawtucket. He also admits that the place where he keeps his swine has not been designated by the town council as a place where swine may be kept to be fed on swill brought into the town from without. He further admits that, on two occasions in 1937, he applied to the town council to so designate his place, that each application was denied, and that in neither instance did he seek a judicial review of such denial.

Notwithstanding such admitted facts, respondent contends that he has a lawful right, for the following reasons, to keep swine in the town to be fed on swill brought into the town from without: (1) Because he has been continuously keeping swine in such manner, without interruption, for the past ten years or more, since 1932 and, therefore, the town council is chargeable with laches in seeking to interfere with his business at this late day after he has greatly expanded his business and assumed the obligation to remove the garbage of the city of Pawtucket under a contract with that city. (2) Because § 13, if properly construed, requires the town council first to designate a place in the town where such business may be located before it can enforce the prohibition of such section. (3) Because § 13, if otherwise construed, is unconstitutional in that it violates article I, sec. 10 of the constitution of this state. (4) Because, irrespective of the letter of the statute, an emergency of war gravely involving the nation's food supply justifies, if it does not demand, a denial of the relief prayed for by complainants.

Respondent's defense of laches is predicated upon the following facts: (a) His place of business is in a sparsely settled rural area of the town; (b) the keeping of swine at least in such an area is a lawful agricultural pursuit; (c) uninterrupted conduct of such pursuit at such place for more than ten years in the same manner; (d) has brought swill into the town from Pawtucket during all that time except for part of the years 1936 and 1937, when a neighbor had the contract with that city; (e) such neighbor's place was designated by the town council in 1937 as a place where swine might be

kept to be fed on swill from without the town; and (f) continuously since 1932 the garbage of the city of Pawtucket has been brought into the town by some person without lawful interference.

Those facts might conceivably be of some persuasive force in another connection, but they do not sustain a charge of laches against a governmental body vested with the duty, as well as the power, to administer the police regulations of the state which have been enacted to conserve and promote the public welfare. The town council in this matter is merely an agent of the state. It cannot by inaction or neglect divest the state of any part of its police power. And a court of equity is without authority to exempt anyone from the burden resulting from a lawful exercise of such power, even though such exercise be long delayed. This is not to say, however, that this court, or, under certain circumstances, the superior court, is powerless to protect one from arbitrary and unreasonable exercise of the police power, especially if it was clear that the result of such exercise amounted, in effect, to depriving one of his property without just compensation or without due process of law. The police power is not without limits. Any given exercise of it must bear a necessary relation to the needs of public health, morals, or the general welfare.

Respondent nevertheless argues that, in his case, the town council's inaction for over ten years constitutes an implied license to him to continue to conduct his business in his customary manner, as though his place had been designated by the town council in accordance with § 13. In support of this rather novel proposition, he cites *State* v. *Barnes,* 20 R. I. 525. But there the licensee had originally received the express permission of the town council to carry on at a particular location a business which was subject, by statute, to regulation as to location. And this court, in giving a reason for its decision in favor of the defendant, said that he, having once been given permission to carry on a lawful business at a particular location, could not be deprived

of such right without just compensation or unless by abatement as a public nuisance.

In the instant case the respondent not only never had received any such permission, but also had been expressly denied such permission on two occasions when he applied therefor in 1937. Obviously, in these circumstances, he could not prove an implied license by acquiescence of the town council, even if such a license were legally possible. But regardless of this fact, we are of the opinion that the defense of laches is not available to respondent in a proceeding under the statute here involved.

We shall consider together the respondent's second and third contentions, raising respectively a question of the proper construction of § 13 and a question of its constitutionality. He contends, as we understand him, that the reasonable construction of that section is that it imposes an obligation upon the town council to designate some part of the town where swine may be kept to be fed on swill that is to be brought into the town from any other town; and that, until such designation is made, the town council is not clothed with the power to enforce § 13 by bringing suit under § 22 to restrain him from conducting his business in his customary manner. He further argues that, if such construction is not correct, then § 13 violates art. I, sec. 10 of the constitution of this state and is, therefore, void.

Whatever may be the correct construction of § 13, respondent cannot, under his reasons of appeal, expect to have this court pass upon such constitutional question. It has been repeatedly held by this court that art. I, sec. 10 of the constitution is applicable only to criminal prosecutions. *Thayer* v. *Moulton,* 63 R. I. 182; *Creditors' Service Corp.* v. *Cummings,* 57 R. I. 291; *State Airport Comm.* v. *May,* 51 R. I. 110. The fact that § 13 is a penal statute which may be enforced by a criminal prosecution as well as by an injunction in equity does not alter the matter. Inasmuch as the respondent has been proceeded against here in equity and not by a criminal prosecution, he cannot invoke in these

proceedings the above-described constitutional provision. And even if he could do so, he has not done it properly here. There are several clauses in sec. 10 and he has not pointed out which one is violated by the statute. That he must do in order to have the constitutional validity of a statute passed upon by this court. *Thayer* v. *Moulton, supra.*

There is merit in the construction which the respondent urges us to place upon the statute. For one thing, such a construction would effectually dispose of any argument that might be made, in a proper manner and in an appropriate proceeding, that such statute authorized an unwarranted and wholly arbitrary exercise of the police power by the town council. On the other hand, a literal construction which gives the council power to designate or not to designate a place for the purpose in question, and to determine any applications for such designation out of hand, so to speak, raises a grave question that might conceivably involve a deprivation of property without due process of law.

However, it seems to us that there is what might be termed a middle ground on which the construction of the statute may be reasonably and safely rested. It is this: § 13 prohibits the keeping, in any town, of swine to be fed on swill brought from any other town, unless and until the town council shall designate a place for such purpose, but it cannot arbitrarily refuse to so designate, upon application, a particular place in such town. In other words, the statute clothes the town council with a portion of the police power of the state, to be exercised by the council within the same limits that circumscribe the legislature in enacting its police laws and regulations. As the legislature may not, under the guise of such power, impose unnecessary and unreasonable restrictions upon the use of private property or the pursuit of useful activities, so also the town council, in the exercise of any such power delegated to it by the legislature, may not do so. *Prata Undertaking Co.* v. *State Board,* 55 R. I. 454.

This conception of § 13 seems to have been entertained by this court many years ago when it was considering a criminal prosecution thereunder. In *State* v. *McMahon,* 14 R. I. 285, 287, it held that, under the view of the statute which it. entertained, the prohibition decreed by the statute was neither impossible nor unconstitutional, the court saying: "We see no reason for regarding the prohibition, *under the limitations specified,* as either impossible or unconstitutional." (italics ours) While it is true that the court did not, in its opinion, expressly state in so many words what its view of the statute was, it is clear from the words which we have italicized in the above quotation that it had in mind the well-recognized limits within which the police power and its exercise are circumscribed in order to avoid a charge of unconstitutionality under the state or federal constitution, or under both.

We cannot, therefore, accept the construction of the statute for which the respondent here contends, but neither do we accept the view which the complainant appears to entertain. The proper construction is the one which we have above stated, based upon a middle ground between those two.

On the record here it is clear that the respondent has not availed himself of the full benefit to which he is entitled under such a construction of the statute. Under that construction it was open to him to seek a judicial review of the town council's denial of his application. Rather than do that, he has elected to go his own way in the mistaken belief that, until the town council designated a place in the town where swine could be kept to be fed on swill brought into the town from without, he could not lawfully be prevented from continuing to conduct his business of raising swine in the manner which he had continuously followed, to the notice, if not the actual knowledge, of the town council since 1932. Persistence in this attitude toward the authority of the town council under the statute has brought the respondent to his present difficult position. He must

take the consequences of such conduct. The superior court, on the record before it, was bound to issue its restraining order and therefore we find no error in the decree appealed from on the ground of any of respondent's first three contentions.

Failing to prevail on those defenses, the respondent makes one last contention, namely, that, because of the great need for food in the successful promotion of the national war effort, the superior court was vested with the discretion, in the circumstances of such emergency, to deny the town council's petition for a restraining order. He cites two cases from New Jersey and argues that they support the contention that the superior court should have exercised such discretion in his favor and denied the injunction. *State Dept. of Health* v. *Chemical Co. of America*, 41 N. J. Law Journal 163; *Board of Health* v. *Ellsworth White*, 90 N. J. Eq. 621.

Whatever may be the merit of those cases, they do not help the respondent, because, assuming that the superior court was vested with such discretionary power in the circumstances, it would be necessary for the respondent, in order to prevail here, to show that the superior court abused its discretion in granting the injunction notwithstanding that it was in accordance with the mandate of the statute. This the respondent is unable to show and has not shown on the record here or in its brief and argument before us. That the respondent may, for the time being, be restricted in the scope of his efforts to increase the supply of swine for market, and to that extent to increase the nation's food supply, does not seem to us to be of such great moment or to be so directly connected with the successful prosecution of the war as to call for an abstention by a court of equity from the exercise of its power to enjoin the respondent from continuing to violate the prohibition of § 13. The resulting effect, if any, upon the national war policy is so inconsequential and, indeed, so remote, that it is scarcely worthy of consideration.

Moreover, it does not necessarily follow that, because respondent is enjoined by the decree in the instant cause, he cannot again apply to the town council for the designation of his place for the purpose of keeping swine to be fed on swill brought in from without the town. The town council's denials of his applications in 1937 do not, of themselves, render the matter absolutely *res adjudicata*. However, as long as the respondent neglects to have the action of the town council refusing such an application reviewed by proper judicial authority, the adverse decision of the council is binding upon him. Until the question of the right of the town council arbitrarily to refuse to designate a place in the town, wherein he may conduct his business consistently with the intent and purpose of the statute, has been judicially considered, and such right of the town council sustained, we are not disposed to hold that there is any finality to the denial by the town council of an application. The doctrine of *res adjudicata* is not, in our opinion, applicable to such action on applications of that nature, unless and until there has been such a judicial determination.

The respondent's appeal is denied and dismissed, the decree appealed from is affirmed, and the cause is remanded to the superior court.

*Tillinghast, Collins & Tanner, George C. Davis, Joseph S. Wholey, Town Solicitor,* for complainants.

*William R. Goldberg,* for respondent.

