FRANK SEPE *vs.* JAMES S. DANEKER *et al.*

AUGUST 19, 1949.

PRESENT: Flynn, C. J., Capotosto, Baker, Condon and O'Connell, JJ.

BAKER, J. This is a bill in equity brought primarily to enjoin the respondents individually and in their official

capacity from enforcing against the complainant certain rules and regulations of the liquor control administration. The complainant is the holder of a class C beverage license which entitles him to sell alcoholic beverages at retail. The respondents are the liquor control administrator and the director of the department of business regulation in this state. After a hearing on bill, answer and proof, the superior court entered a decree enjoining the respondents in accordance with the prayers of the bill. From the entry of that decree they have duly prosecuted their appeal to this court.

The evidence was presented in the superior court in the form of an agreed statement of facts and questions of law only were raised. Our determination of the questions presented here should not be considered as necessarily an approval of the method of procedure adopted by the complainant. The decree appealed from in substance ordered that the respondents, their successors in office and persons acting as their servants, agents, or employees be permanently enjoined from enforcing the provisions of rules 53 and 54 of the liquor control administration and prior rule 74 thereof and from promulgating rules and regulations similar thereto; and also declared that such numbered rules are null and void.

The pertinent portions of rules 53 and 54 as set out in the statement of facts are as follows: "53. No alcoholic beverages shall be sold by any manufacturer or wholesaler to any retailer, nor shall any retailer purchase any alcoholic beverages except for cash or on terms requiring payment by the purchaser within thirty days from date of delivery. * * * No manufacturer or wholesaler shall sell, except for cash, any alcoholic beverages to any retailer with knowledge that such retailer is in arrears for the payment of alcoholic beverages, as provided by this rule; nor shall any retailer purchase any alcoholic beverages except for cash while in arrears for the payment of any alcoholic beverages, as provided by this rule. * * * 54. Written notice shall be given

by the manufacturer or wholesaler by registered mail to each licensee in default of payment within five (5) days after the default occurs, containing the date of delivery, the amount of indebtedness in default, and the following statement: Rule No. 53 of the Liquor Control Administration prohibits you from accepting delivery of any alcoholic beverages from any manufacturer or wholesaler except for cash, until you have paid in full, the amount of the default shown in the notice. Each manufacturer and wholesaler shall notify the Liquor Control Administrator of each default within five days, and shall file with him a copy of each written notice required to be mailed to the licensee within five days after default occurs." These rules became effective January 1, 1948. Former rule 74 which went into effect November 3, 1937 was the same as rule 53 except in a minor particular not material here.

From the agreed statement of facts it appears among other things that the complainant, who operates a retail liquor establishment in the city of Cranston, on February 2, 1948 received a notice by registered mail from the Rhode Island Liquor Dealers' Credit Corporation stating that he was in arrears for the payment of alcoholic beverages to the Standard Wholesale Company in the amount of $18.35; that about March 1, 1948 he placed an order with a Rhode Island bottling corporation in Woonsocket for six one-fifth gallon bottles of whiskey; that about March 8, 1948 he was notified by such corporation that since his name was on the credit bureau delinquent list the corporation could not under the provisions of rule 53 sell him the whiskey on credit; that since February 2, 1948 he has been unable to purchase alcoholic beverages on credit because of the terms of rules 53 and 54 and former rule 74; that the credit bureau delinquent list is supplied to wholesalers and manufacturers by the Rhode Island Liquor Dealers' Credit Corporation; that the liquor control administrator was duly notified in accordance with the provisions of rules 53 and 54 that the complainant was in default in the amount of $18.35

to the Standard Wholesale Company, a duly licensed wholesaler; and that the complainant made no request for a hearing before the liquor control administrator as to whether or not the complainant was actually in arrears as above set out.

The trial justice in granting the complainant relief held that the rules and regulations in question were unconstitutional. The complainant contends that such holding was correct, in that rules 53 and 54 are contrary to the due process clause of section 1, article XIV, of the amendments to the constitution of the United States; that they violate secs. 2 and 10 of article I of the constitution of this state, and that the rules are invalid for other reasons. We entertain serious doubt whether the complainant, without having obtained from the liquor control administrator any ruling adversely affecting his license, can properly raise these constitutional questions. However, in the special circumstances we shall assume that the questions are properly before us but we shall consider only the points briefed and argued.

In support of his principal contentions on the issue of the constitutionality and invalidity of the rules the complainant relies on the law as set out in cases, both federal and state, of which *Lawton* v. *Steele,* 152 U. S. 133, is an example. In so doing he has overlooked or disregarded the nature of the business in which he himself is engaged. The cases above referred to, in their general references to the public interest and to arbitrary and unreasonable interference by way of unnecessary restrictions on private business, will be found on examination to apply to the ordinary private enterprises not requiring a license.

The complainant, however, is engaged in the business of selling at retail alcoholic beverages under a duly granted license. That license he holds subject to the laws of this state and to the rules and regulations of the liquor control administration. It has been decided that, generally speaking, a licensee takes his license subject to such conditions as

the legislature sees fit to impose. *Child* v. *Bemus*, 17 R. I. 230. Further in *Tisdall Co.* v. *Board of Aldermen*, 57 R. I. 96, this court stated at page 103: "But it is well settled in this State and elsewhere that the business of the sale of intoxicating liquor is so clearly and completely subject to exercise of the police power of the State that it may even be entirely prohibited by the State * * * or it may be permitted subject to such restrictions and burdens, however great, as the State legislature may deem it advisable to impose, so long as they are not discriminatory in such a way as to be in violation of the equal protection clause of the fourteenth amendment and the procedure is not such as to violate its due process clause." Again the court in referring to the regulation of the sale of intoxicating liquor said at page 108: "* * * it has been universally held that such regulation is especially within the province of such police power, which even extends to the prohibition of such sale; and the courts have always been particularly liberal in sustaining the constitutionality of such regulation." It also is settled in this state that a liquor license is not a property right. *Casala* v. *Dio,* 65 R. I. 96.

In the instant cause the complainant's license was issued under general laws 1938, chapter 164, §5, as amended by public laws 1940, chap. 814, sec. 8, which provides in part as follows: "All licenses to be issued hereunder shall be in such form as shall be prescribed by the department of business regulation; and the same shall be held under such rules and regulations as said department shall impose, establish and authorize; and said department is hereby authorized to establish rules and regulations and to authorize the making of such rules and regulations by the licensing authority of the several towns and cities as in their respective discretions in the public interest shall seem proper to be made." It is clear therefore that the complainant did not have an unrestricted right to buy liquor from wholesalers or manufacturers without any limitation on his

credit, since his license was subject to the provisions of the rules in question which had been imposed under the authority of that section.

Such rules do not prevent him from obtaining liquor, nor do they operate to revoke his license, as the complainant in substance argues. He may at any time purchase liquor by paying cash and if his overdue account is settled he may again purchase liquor on thirty days' credit. Further his license remains in effect and is in no way suspended or revoked *ipso facto* under rules 53 and 54 by his mere failure to keep his accounts paid. He makes no claim that he was improperly charged with being in default in his payments or that he asked for and was refused a hearing by the liquor control administrator.

However, he maintains that said rules to be valid should contain a provision that the notice to the retailer that the latter is in default should be given by the liquor control administrator and not by a nongovernmental agency. We see no merit in such contention in the circumstances here. As previously stated the rules provide that the notice shall be given by the manufacturer or wholesaler to whom the retailer is in default and who naturally would know of that situation at once, and further provide that a copy thereof shall be filed with the liquor control administrator within five days of the default. The notice by itself in no way affects his license. Rather it is of benefit to the licensee. It calls his attention to an alleged credit default under the rules, of which the liquor control administrator has notice, and thereby gives the licensee an opportunity either to require such administrator to rule upon his credit standing, if he considers that he is aggrieved, or to make his own appropriate adjustments without insisting upon such a ruling. The complainant sought no ruling in this regard from the liquor control administrator and no ruling was made by him.

Also we cannot agree with the complainant's suggestion that it was an improper delegation of power by the legisla-

ture, under P. L. 1940, chap. 814, sec. 8, to authorize the department of business regulation, which includes the liquor control administration, to make reasonable rules and regulations governing the holding of liquor licenses. The delegation was merely that of conferring administrative and regulatory functions upon a governmental agency for the better control of the liquor traffic and was not in any real sense an unconstitutional delegation of power. See *Baginski* v. *Alcoholic Beverage Comm'n,* 62 R. I. 176. For examples of cases in other jurisdictions upholding statutes or regulations involving limitations on the extension of credit to a retailer in the liquor business see *State* v. *Zazzaro,* 128 Conn. 160; *Bosnjak* v. *Grosscup,* 42 Dauphin Co. 18. We are of the opinion that the rules under discussion are not invalid for any of the above reasons advanced by the complainant.

There remains for consideration the complainant's contention that the rules in question are unconstitutional in that they are contrary to certain specific constitutional provisions. Keeping in mind the nature of the business in which the complainant is engaged and the limitations imposed thereon by established law we find that his contention is not sound. It appears to be his position in substance that rules 53 and 54 are not in the public interest generally and that they constitute an arbitrary deprivation of his property rights contrary to the due process clause of section 1 of article XIV of the amendments to the constitution of the United States.

However, it is well settled that the privileges or immunities referred to in that section do not include the business of selling intoxicating liquor. In *Crowley* v. *Christensen,* 137 U. S. 86, the court, in discussing the nature of that business, said at page 91: "The manner and extent of regulation rest in the discretion of the governing authority. * * * It is a matter of legislative will only." See also *Bartemeyer* v. *Iowa,* 85 U. S. 129; *State* v. *Almy,* 32 R. I. 415. The amendment though broad and comprehensive

was not designed to interfere with the proper exercise of the police power by the state. *Barbier* v. *Connolly,* 113 U. S. 27. We have hereinbefore referred to the fact that there is no property right in a liquor license. Further the rules in question apply alike to all retail licensees and are not discriminatory.

The complainant also argues that such rules are repugnant to sec. 2 of article I of the constitution of this state which section reads as follows: "All free governments are instituted for the protection, safety and happiness of the people. All laws, therefore, should be made for the good of the whole; and the burdens of the state ought to be fairly distributed among its citizens." No extended discussion of this point seems necessary. In *Crafts* v. *Ray,* 22 R. I. 179, this section was considered and the court, at page 183, stated: "The form of this clause is advisory; and not mandatory." In the *Matter of Dorrance-Street,* 4 R. I. 230, the court held, at page 249, that the above section was "addressed rather to the general assembly by way of advice and direction, than to the courts, by way of enforcing restraint upon the lawmaking power." In any event we are clearly of the opinion that it has not been shown that the rules before us were not made for the good of the people as a whole, or that the burdens imposed thereby are not fairly distributed among those within the class affected by such rules.

The complainant furthermore urges that such rules violate sec. 10 of article I of the Rhode Island constitution. That section reads as follows: "In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury; to be informed of the nature and cause of the accusation, to be confronted with the witnesses against him, to have compulsory process for obtaining them in his favor, to have the assistance of counsel in his defence, and shall be at liberty to speak for himself; nor shall he be deprived of life, liberty, or

property, unless by the judgment of his peers, or the law of the land."

This court has held that the above section is narrower in scope than the fourteenth amendment to the constitution of the United States, *Petition of Doyle,* 16 R. I. 537, and also that it applies only in favor of persons accused of crime. *Creditors' Service Corp.* v. *Cummings,* 57 R. I. 291; *East Shore Land Co.* v. *Peckham,* 33 R. I. 541. Proceedings under rules 53 and 54 are in no sense criminal in nature. The complainant is not accused of crime and therefore sec. 10 of article I of the constitution of this state has no application in the instant cause. Complainant finally contends that the rules are legislative in character and thus violate the provisions of article III of the constitution of this state which deals with the distribution of the legislative, executive and judicial departments. In our judgment this contention is without merit.

Upon consideration it is our opinion that the rules in question are not invalid as being contrary to or in violation of the specific constitutional provisions of the federal and state constitutions hereinbefore mentioned but that, in view of the nature of complainant's business, they are valid as coming within a proper exercise of the police power in the public interest.

The appeal of the respondents is sustained, the decree appealed from is reversed, and the cause is remanded to the superior court with direction to enter a decree dismissing the bill of complaint.

*Coffey, Ward, Hoban & Reed, John G. Coffey, Charles J. McGovern,* for complainant.

*William E. Powers,* Attorney General, *John F. O'Connell,* Special Counsel, *Benjamin J. Winecour,* for respondents.