**293 A.2d 512.**

IN RE THOMAS I. McCLOUD, JR.

JULY 26, 1972.

PRESENT: Roberts, C. J., Paolino, Powers, Joslin and Kelleher, JJ.

Powers, J. On September 8, 1969, Thomas I. McCloud, Jr., was referred by the Warwick police department to the Family Court as being a delinquent within the meaning of G. L. 1956 (1969 Reenactment) §14-1-3(F)[1]. At the time of his referral, McCloud was 17 years of age. The basis for such referral was that he was guilty of conduct which if committed by an adult would constitute the crime of rape. McCloud pleaded not guilty and moved that the charge of delinquency be tried to a jury. The Family Court justice released McCloud to his parents and took the motion under advisement.

Thereafter, on January 15, 1971, said Family Court justice granted McCloud's motion for a jury trial. At the request of the city solicitor of the city of Warwick, the Attorney General appealed from said decision, pursuant to the provisions of now §9-24-32.[2] It is clear from the decision of the Family Court justice that, in his opinion, a juvenile charged with delinquency has a constitutional right to have such accusation tried to a jury under both article XIV of amendments to the Constitution of the United States and article I, sections 10 and 15 of the constitution of this state.

However, subsequent to the filing of the Family Court justice's decision, the United States Supreme Court ruled on the precise question in *McKeiver* v. *Pennsylvania*, 403 U.S. 528, 91 S.Ct. 1976, 29 L.Ed.2d 647 (1971). There, a

---

[1]"The term 'delinquent' when applied to a child shall mean and include any child—

Who has commited any offense which, if committed by an adult, would constitute a felony, or who has on more than one (1) occasion violated any of the other laws of the state or of the United States or any of the ordinances of cities and towns, other than ordinances relating to the operation of motor vehicles."

[2]This section provides for an appeal from a decision of the Family Court in a criminal proceeding. Because, in our view, delinquency is not a criminal proceeding, we have articulated the Attorney General's appeal as a petition *In re Little*, 103 R. I. 301, 237 A.2d 325 (1968).

majority of the Court held that neither under article VI of amendments to the United States Constitution, binding on the state through article XIV of amendments to that Constitution, nor under the fundamental fairness concept of the due process guaranteed by the fourteenth amendment when considered apart from its relationship to the Bill of Rights, are the states required to provide jury trials at the adjudication stage of juvenile delinquency proceedings. *See also In re J.T.*, 290 A.2d 821 (D.C. Ct. App.1972) decided May 12, 1972, after the case at bar was argued in this court.

As to the nonapplicability of the sixth amendment the Court pointed out that its guarantee of a jury trial related only to those accused of a crime. Further, pointing out that while the Court had consistently avoided the wooden approach of labelling juvenile delinquency proceedings as civil rather than criminal, it had, with equal consistency, refused to consider them as criminal, notwithstanding that some aspects thereof were of that nature.

Restating certain definitive due process protections which, consistent with the fundamental fairness concept, must be accorded to juveniles charged with delinquency,[3] the Court went on to say that the jury is not a necessary component of accurate fact-finding in our legal system. In making this point, the Court referred to *Duncan* v. *Louisiana*, 391 U.S. 145, 158, 88 S. Ct. 1444, 1452, 20 L. Ed.2d 491, 501 (1968). The Court stated:

> "We would not assert, however, that every criminal trial—or any particular trial—held before a judge

---

[3]The rights thus reaffirmed are the rights to appropriate notice, counsel, confrontation and cross-examination as well as the privilege against self-incrimination and the standard of proof beyond a reasonable doubt. *In re Winship*, 397 U.S. 358, 90 S.Ct. 1068, 25 L.Ed.2d 368 (1970); *In re Gault*, 387 U.S. 1, 87 S.Ct. 1428, 18 L.Ed.2d 527 (1967) and *Kent* v. *United States*, 383 U.S. 541, 86 S.Ct. 1045, 16 L.Ed.2d 84 (1966). *See also In re Holley*, 107 R. I. 615, 268 A.2d 723 (1970).

alone is unfair or that a defendant may never be as fairly treated by a judge as he would be by a jury."

It is obvious from the foregoing that the Family Court justice's conviction regarding articles VI and XIV of amendments to the United States Constitution was unfounded unless, of course, this court were persuaded to take a broader view of constitutional provisions than did the United States Supreme Court. We are not so persuaded.

Even so, McCloud contends that the decision of the Family Court justice is correct in light of the requirements of the constitution of this state. He points out, as did the Family Court justice in reaching his decision, that article I, section 10 of the constitution of this state is significantly different from the provisions of article VI of amendments to the Constitution of the United States.

The distinction to which he refers is that unlike the guarantee of said article VI of amendments to the Constitution of the United States, article I, section 10 of the constitution of this state further provides "* * * nor shall he be deprived of life, liberty, or property, unless by the judgment of his peers, or the law of the land."

This language, the Family Court justice pointed out, makes no reference to crime and, for that reason, must have been intended to be applicable to state action which had restraint of personal liberty as its goal. Continuing, and referring to sound decisional law, he made the point that whether a juvenile, adjudged to be a delinquent, is ordered confined to a state institution, or merely held answerable to supervision by the Family Court is immaterial. In either case, the Family Court justice reasoned that a juvenile so situated is restrained of his liberty. We have heretofore agreed with such reasoning. See *State* v. *Turner*, 107 R. I. 518, 268 A.2d 732 (1970).

However, in a substantial number of cases, this court has consistently pointed out that the prohibition against

deprivation of "life, liberty, or property, unless by the judgment of his peers," as guaranteed by article I, section 10 of the constitution of this state is applicable only to an accused in a criminal prosecution.[4] Indeed, more recently, in *State* v. *Holliday,* 109 R. I. 93, 280 A.2d 333 (1971), we held that the right to a trial by jury, even in criminal prosecutions as guaranteed by article I, section 10, does not extend to persons charged with petty misdemeanors.

All of this, however, is not to say that the organic law of this state makes no provision for the right to a trial by jury in all other instances. Of equal solemnity with article I, section 10, as noted by the Family Court justice, is section 15 of said article. It provides, "[T]he right of trial by jury shall remain inviolate."

But, although a right to a trial by jury thus constitutionally secured, is not limited to criminal prosecutions, it is limited to those justiciable controversies which were triable to a jury at the time the constitution was adopted in 1842. *Opinion to the Senate,* 108 R. I. 628, 278 A.2d 852 (1971); *Atlantic Refining Co.* v. *Director of Public Works,* 98 R. I. 167, 200 A.2d 580 (1964); *Mathewson* v. *Ham,* 21 R. I. 311, 43 A. 848 (1899); *Mathews* v. *Tripp,* 12 R. I. 256 (1879).

It was not until some 73 years thereafter that a more definitive *parens patriae* concept brought about the enactment of P. L. 1915, ch. 1185. Prior to the passage of that Act, juveniles who were alleged to have violated any municipal ordinance or the laws of this state would, in

---

[4]Among such cases are the following:

*Taglianetti* v. *New England Tel. & Tel. Co.,* 81 R. I. 351, 103 A.2d 67 (1954); *Sepe* v. *Daneker,* 76 R. I. 160, 68 A.2d 101 (1949); *Kane* v. *Lapre,* 69 R. I. 330, 33 A.2d 218 (1943); *Thayer Amusement Corp.* v. *Moulton,* 63 R. I. 182, 7 A.2d 682 (1939); *State* v. *Rosenkrans,* 30 R. I. 374, 75 A. 491 (1910); *State* v. *Armeno,* 29 R. I. 431, 72 A. 216 (1909); *State* v. *Keeran,* 5 R. I. 497 (1858).

common with adults, be prosecuted by complaint or indictment as the offense might require. With the enactment of P. L. 1915, ch. 1185, however, juveniles, defined by said Act as children under the age of 16, were, except for murder and manslaughter, exempt from such prosecutions.

Rather, juveniles charged with misconduct were to be referred to "a juvenile court" which, the statute provided, would be presided over by the judges of the then District Courts for the several judicial districts.

Although the original Act has been several times amended both as to substance and procedure,[5] the adjudication of McCloud's alleged delinquency by a Family Court justice, pursuant to the provisions of G. L. 1956 (1969 Reenactment) ch. 1 of title 14 is representative of the same type of proceedings which first became a part of our judicial system in 1915. No more need be said to make the point that such proceedings were not of the class for which adjudication by a jury was secured by the adoption of article I, section 15 of our constitution in 1842.

Consequently, neither under the Constitution of the United States nor the constitution of this state is a juvenile presented to the Family Court as an alleged delinquent entitled, as a matter of right, to have such allegation adjudicated to a jury. This is not to say of course that the

---

[5]Of prime significance is P. L. 1944, ch. 1441. It dropped the practice of using District Court judges in favor of creating a "juvenile court" as a separate and distinct judicial entity.. Jurisdiction was vested in a Chief Judge and one associate. Moreover, a juvenile was redefined as a child under the age of 18 rather than 16 as had been the case. Furthermore, "murder and manslaughter" were eliminated as offenses not falling within the original jurisdiction of the newly created juvenile court. However, the newly created juvenile court was authorized, after full investigation to waive its jurisdiction as to juveniles 16 or 17 years of age. Such juveniles so waived would be subject to criminal prosecution. Later, with the enactment of P. L. 1961, ch. 73, there was created the Family Court which, abolishing the juvenile court, was vested with all the jurisdiction theretofore possessed by the juvenile court thus abolished.

General Assembly may not provide for adjudication by a jury. Indeed, McCloud contends that the General Assembly has implicitly so provided.

This contention arises out of the fact that whereas P. L. 1944, ch. 1441, sec. 24, later G. L. 1956, §14-1-30, expressly provided for adjudication without a jury, such restriction was dropped when jurisdiction to hear delinquency proceedings was transferred to the Family Court by the enactment of P. L. 1961, ch. 73, sec. 6, amending §14-1-30.

This omission of reference to a jury is open, McCloud urges, to a reasonable inference that the General Assembly intended by such omission that allegations of delinquency would thereafter be tried to a jury.

We are unable to agree that the inference which McCloud would have us draw is so reasonable as to call for judicial legislation. Rather, we agree with the Attorney General that a more reasonable inference is that delinquency adjudications without a jury were so common to universal practice that the General Assembly saw no necessity to spell out that which had always been the practice.

In summary then neither as a right guaranteed by either the federal or state constitution, nor by virtue of a legislative grant, is a juvenile presented to the Family Court as an alleged delinquent entitled to have such allegation tried to a jury. Having reached this conclusion, it follows that the Family Court justice was without jurisdiction to grant McCloud's motion for a trial by jury.

The Attorney General's appeal is dismissed pro forma, the petition for certiorari is granted, the decision of the Family Court justice is quashed, and the cause is remanded to the Family Court for further proceedings.

*Richard J. Israel,* Attorney General, *Donald P. Ryan,* Asst. Attorney General, for plaintiff.

*Eugene J. McCaffrey, Jr.,* for defendant.

AMICUS CURIAE: *Abedon, Michaelson, Stanzler & Biener, Milton Stanzler,* for defendant.