353 A.2d 199

IN RE STEPHEN MICHAEL WILKINSON.

MARCH 15, 1976.

PRESENT: Paolino, Acting C. J., Joslin, Kelleher and Doris, JJ.

Doris, J. This is a Family Court petition alleging the respondent, Stephen Michael Wilkinson, to be a delinquent child, in that, he received stolen goods in violation of G. L. 1956 (1969 Reenactment) §11-41-2. The respondent was tried without a jury in the Family Court, found to be a delinquent child, and sentenced to a term of six months in the Adult Correctional Institutions. The case is in this court on the respondent's appeal on constitutional grounds from the adjudication and disposition.

The record discloses that respondent was born September 22, 1955. He allegedly received stolen goods on May 31, 1973, when he was 17 years old. The Department of Corrections filed the petition in the Family Court on July 11, 1973, while respondent was still 17 years old. On March 7, 1974, after trial, the Family Court justice concluded, "I find him guilty after trial of possession of stolen goods to the value of less than Five Hundred ($500.00) Dollars, I sentence him to six (6) months in the A.C.I." Presumably respondent was immediately incarcerated in the Adult Correctional Institutions. On April 1, 1974, the Family Court justice granted respondent's petition for writ of habeas corpus and respondent was released from the Adult Correctional Institutions pending the outcome of this appeal. The Family Court will retain jurisdiction in this case until respondent attains the age of 21 years

in September 1976. G. L. 1956 (1969 Reenactment) §14-1-6.

The respondent claims that since he was sentenced to the Adult Correctional Institutions as if he were an adult convicted of a criminal offense, his trial in the Family Court violated the due process clauses of the fifth and fourteenth amendments to the United States Constitution, the equal protection clause of the fourteenth amendment to the United States Constitution, the right to a jury trial guaranteed by the sixth amendment to the United States Constitution, and the rights guaranteed to criminal defendants by R. I. Const. art. I, §10. The respondent specifically challenges the constitutionality of the denial of a trial by jury and of allocution before sentencing.

## I

We first direct our attention to respondent's argument that he has been denied his constitutional rights as guaranteed by the sixth and fourteenth amendments to the United States Constitution[1] and by art. I, §10 of the R. I. Const.[2] by his failure to be afforded a trial by jury in the Family Court.

---

[1] Article VI of amendments to the United States Constitution reads in relevant part as follows:

"In all criminal prosecutions the accused shall enjoy the right to a speedy and public trial by an impartial jury of the state and district wherein the crime shall have been committed * * *."

Article XIV of amendments to the United States Constitution reads, in relevant part, as follows:

"* * * nor shall any state deprive any person of life, liberty, or property, without due process of law * * *."

[2] Article I, §10, of the R. I. Const. reads, in relevant part, as follows:

"In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury; * * * and shall be at liberty to speak for himself; nor shall he be deprived of life, liberty, or property, unless by the judgment of his peers, or the law of the land."

In the recent case of *In re McCloud,* 110 R. I. 431, 293 A.2d 512 (1972), we held that because a delinquency proceeding involving a juvenile in the Family Court was neither a criminal prosecution nor a justiciable controversy of a type that was triable by a jury at the time of the R. I. Const. in 1842, that a juvenile in a delinquency proceeding was not entitled as of right to a trial by jury. The holding in *McCloud,* which we affirm, is dispositive of respondent's contention that he was denied his constitutional right to a jury trial in a delinquency proceeding. *See McKeiver* v. *Pennsylvania,* 403 U. S. 528, 91 S.Ct. 1976, 29 L.Ed.2d 647 (1971).

## II

The respondent further contends that he was denied his constitutional right of allocution as guaranteed by the due process clause of the fifth[3] and fourteenth amendments to the United States Constitution and by art. I, §10, of the R. I. Constitution.

The respondent points out that upon conclusion of testimony of witnesses and presentation of evidence, the trial justice found respondent guilty and immediately sentenced him to six months at the Adult Correctional Institutions. He argues that the imposition of the sentence immediately after trial without consultation with counsel or respondent is a denial of due process. He argues that such action by the trial justice was a denial of the common law right of allocution and the "liberty to speak for himself" guaranteed by art. I, §10, of the R. I. Const. The respondent argues that the imposition of a sentence without consultation with counsel or the accused is so contrary to the

---

[3]Article V of amendments to the United States Constitution reads, in relevant part, as follows:

"No person shall be held * * * nor be deprived of life, liberty or property, without due process of law * * * ."

American System of Law that it shocks a reasonable man and is a denial of due process. He further argues that the rights afforded to adults in criminal proceedings must be afforded to juveniles in similar proceedings in order to maintain a sense of equity and fair play in the judicial system.

The respondent directs our attention to the case of *In re Gault*, 387 U. S. 1, 87 S.Ct. 1428, 18 L.Ed.2d 527 (1967), wherein the Supreme Court attempted to ensure due process of law for juvenile offenders. In *Gault* the Court held that although the fourteenth amendment does not require in juvenile proceedings that the hearing at the adjudicatory stage conform with all the requirements of a criminal trial or even of the usual administrative proceeding, the due process clause does require application during the adjudicatory hearing of the essentials of due process and fair treatment which the Court enunciated as follows:

1. Notice of the charges

2. Right to counsel which will be Court appointed, if necessary

3. Right to cross-examination of witnesses

4. Privilege against self-incrimination (including safeguards to ensure voluntariness of confession).

In the later case of *In re Winship*, 397 U. S. 358, 90 S.Ct. 1068, 25 L.Ed.2d 368 (1970), the Supreme Court ruled that when they are charged with a violation of a criminal law juveniles are constitutionally entitled to have the standard of proof of guilt beyond a reasonable doubt applied.

In *In re Gault* and *In re Winship*, both *supra*, the United States Supreme Court listed the rights accruing to juveniles in accordance with the due process protection of the United States Constitution. The Court has not included

168

the right to allocution within the enumerated rights. It is clear that respondent's contention that the right of allocution as guaranteed him by articles V and XIV of amendments to the United States Constitution is without basis unless we are persuaded to take a broader view of the constitutional provisions than did the United States Supreme Court. We are not so persuaded.

Nevertheless, respondent argues that under art. I, §10, of the R. I. Const., he is entitled to the right of allocution. The rights guaranteed by art. I, §10, of the R. I. Const. are applicable only to an accused in a criminal prosecution. We have held in *In re McCloud, supra,* that a delinquency hearing is not a criminal proceeding. We reaffirm that holding here.

Consequently, neither under the Constitution of the United States nor the Constitution of this state is a juvenile who has been found to be delinquent entitled, as a matter of constitutional right, to allocution before sentence is imposed.

This is not to say, however, that a juvenile who has been adjudged delinquent should be foreclosed from bringing to the court's attention all information germane and of possible assistance in the determination of the sentence to be imposed. This can be accomplished either through counsel or by the juvenile personally. No hard and fast rule can be adopted. What is reasonable in one case may be unreasonable in another. Each case must be decided on its own facts and in each instance the adoption of limitations is subject to a judicial discretion. *Robalewski* v. *Superior Court,* 97 R. I. 357, 197 A.2d 751 (1964); *Driver* v. *State,* 201 Md. 25, 92 A.2d 570 (1952); *Zeff* v. *Sanford,* 31 F.Supp. 736 (N.D. Ga. 1940).

The record indicates that after stating his finding of guilty, the trial justice immediately and summarily announced the sentence without affording either respondent

or his counsel an opportunity to present any information in extenuation of guilt or mitigation of his conduct which might have been of assistance in determining the sentence to be imposed. Under the circumstances, the trial justice abused his discretion in summarily imposing sentence without affording respondent or his counsel the opportunity to present germane information in extenuation of guilt or mitigation of respondent's conduct.

### III

There remains the question of whether the Family Court justice lawfully imposed the six months sentence at the Adult Correctional Institutions on respondent juvenile.

The state relies on §12-19-26 as authority for its proposition that a Family Court justice may sentence a delinquent child to the Adult Correctional Institutions. Section 12-19-26 reads as follows:

> "Sentence of minor to reform school.—Whenever any person under the age of eighteen (18) years shall be convicted by any court of any criminal offense, such court may sentence such person to the state reform school for a term not less than two (2) years, nor longer than his minority, or to such punishment as is otherwise provided by law for the same offense, and if the sentence be to the reform school, then it shall be in the alternative, to the state reform school or to such punishment as would otherwise have been awarded."

The state contends that the language of §12-19-26 "* * * such court may sentence such person * * * to such punishment as is otherwise provided by law for the same offense * * *" means that a Family Court justice may sentence a delinquent child to whatever penalty the criminal law would allow were the child convicted like an adult of the substantive offense underlying his adjudication of delinquency. Here the underlying offense was receiving stolen goods valued at less than $500 in violation of §11-41-2.

The penalty for criminal violation of §11-41-2 is imprisonment for not more than one year or a fine of not more than $500 or both. Section 11-41-5. The state thus concludes that six-months' imprisonment was a lawful disposition.

By its own terms, §12-19-26 applies only to "* * * any person under the age of eighteen (18) years * * * convicted by any court of any criminal offense * * *." It is true that a delinquent child is a person under 18 years of age who has committed any offense which, if committed by a person 18 years of age or older, would constitute a felony, or who has on more than one occasion violated any of the other laws of the state or of the United States, or any of the ordinances of cities and towns, other than ordinances relating to the operation of motor vehicles. Section 14-1-3(C),(D),(F). But a child adjudged delinquent by the Family Court is clearly not thereby convicted by any court of any criminal offense. Since the Juvenile Court, now Family Court, was created in 1915, adjudications of delinquency have been deemed not to be criminal convictions. Public Laws 1915, ch. 1185, §20; G. L. 1956 (1969 Reenactment) §14-1-40. *In re McCloud, supra.* We conclude that §12-19-26 has no application to juveniles adjudged delinquent in the Family Court.

In the instant case, the Family Court could have waived jurisdiction over respondent. General Laws 1956 (1969 Reenactment) §14-1-7, as amended by P. L. 1970, ch. 161, §1. The respondent then could have been tried criminally like an adult in the Superior Court on the charge of receiving stolen goods in violation of §11-41-2. If respondent had been convicted, then the sentencing justice under §12-19-26 could have sentenced him either to the state reform school or to the Adult Correctional Institutions in accordance with §11-41-5. The Family Court, however, did not waive jurisdiction, so §12-19-26 was inapplicable and com-

mitment to the Adult Correctional Institutions was impermissible.

As a statutory court, the Family Court derives its authority from express legislative provisions. Since we find no statutory authority for Family Court justices to order delinquent juveniles to be committed to the Adult Correctional Institutions, the disposition order by the trial justice is void.

The appeal of the respondent is sustained as it relates to disposition, is denied as it relates to adjudication, and the disposition ordered by the Family Court is vacated, the adjudication is affirmed, and the case is remanded to the Family Court for disposition in accordance with this opinion.

Mr. Chief Justice Roberts was present at oral argument but retired prior to consideration or decision of this case.

*Julius C. Michaelson,* Attorney General, *Judith Romney Wegner,* Special Asst. Attorney General, for petitioner.

*William F. Reilly,* Public Defender, *Joseph L. DeCaporale,* Asst. Public Defender, for respondent.