### In re BERNARD H.

### No. 88–139–Appeal.

Supreme Court of Rhode Island.

April 28, 1989.

James E. O'Neil, Atty. Gen., Fausto Anguilla, Asst. Atty. Gen., for plaintiff.

David N. Cicilline, Providence, for defendant.

## OPINION

MURRAY, Justice.

This case is here on appeal by the State of Rhode Island from a Family Court order dismissing a petition for delinquency brought against then seventeen-year-old Bernard. We reverse.

The facts insofar as they relate to this appeal are not complicated. On November 9, 1987, the state filed three petitions in the Family Court, seeking to have Bernard adjudged delinquent. Bernard was charged with possessing a pistol without a license,[1] carrying a firearm during the commission of a crime of violence,[2] and assault with intent to murder.[3]

Ten days later the state, alleging violation of G.L.1956 (1981 Reenactment) § 11–47–5, filed an additional delinquency petition in the Family Court, charging Bernard with possession of a firearm after having previously been convicted of a violent crime.[4] At a pretrial hearing Bernard moved to dismiss the last petition on the grounds that a juvenile adjudication never amounted to a criminal conviction under

1. G.L.1956 (1981 Reenactment) § 11–47–8.

2. G.L.1956 (1981 Reenactment) § 11–47–3.

3. G.L.1956 (1981 Reenactment) § 11–5–1, as amended by P.L.1981, ch. 76, § 1. The charge of assault with intent to commit murder was dismissed with prejudice on motion of the state. At the conclusion of trial, the Family Court found Bernard delinquent on the charge of pos-

Rhode Island law, and therefore, the state could not prove an essential element of § 11–47–5. The trial justice granted Bernard's motion. The case before us raises two issues of first impression and impels us to engage in an exercise of statutory interpretation.

## I

### WHETHER SECTION 14–1–40 PROSCRIBES ADMISSION OF PRIOR FAMILY COURT ADJUDICATIONS AS EVIDENCE AT TRIAL IN THE FAMILY COURT

The first issue requires that we examine the precise wording of G.L.1956 (1981 Reenactment) § 14–1–40, as amended by P.L.1985, ch. 349, § 1. Bernard argued successfully at the motion hearing that although a trial justice can consider previous Family Court findings against a minor for sentencing purposes, under the law of this jurisdiction evidence of prior juvenile adjudications is inadmissible substantively at trial in the Family Court. We disagree.

Controlling of this court's decision is chapter 1 of title 14, Rhode Island's Family Court Act, which provides in pertinent part:

"The disposition of a child or any evidence given in the [family] court shall not be admissible as evidence against the child in any case or proceeding *in any other court* * * *.

"Provided, however, any finding of delinquency based upon acts which would constitute a felony, if committed by an adult, shall be available to the attorney general for use in its recommendations to any court in sentencing and said record may be taken into consideration for the purposes of sentencing." (Emphasis added.) Section 14–1–40.

session of a pistol without a license. Bernard was adjudged not delinquent by reason of carrying a dangerous weapon while in the commission of a crime of violence.

4. The Family Court had adjudged Bernard delinquent of assault with intent to commit robbery in February of 1987.

In enacting a statute, the General Assembly is presumed to have intended that every word, sentence, or provision serve some useful purpose and have some force and effect. *See Providence Journal Co. v. Mason,* 116 R.I. 614, 624, 359 A.2d 682, 687 (1976); *see also* 2A *Sutherland Statutory Construction* § 46.06 at 104 (Sands 4th ed. 1984). A statute should therefore be construed to avoid rendering sentences, clauses, or words as mere surplusage. *Brennan v. Kirby,* 529 A.2d 633, 637 (R.I.1987).

We read § 14-1-40 as authorizing the Family Court to admit in evidence a juvenile's record of past adjudications of delinquency or waywardness. The lucid language of the act prohibits the evidentiary use of a juvenile record to determine the guilt or innocence of a minor at trial in any court other than the Family Court. It is a settled canon of construction that when statutory language is clear and unambiguous, there is no need to inquire beyond what it plainly expresses. *See Fruit Growers Express Co. v. Norberg,* 471 A.2d 628 (R.I.1984); *Little v. Conflict of Interest Comm'n,* 121 R.I. 232, 397 A.2d 884 (1979). By inserting the phrase "in any other court," we believe the Legislature specifically exempted the Family Court from the proscription against admitting a juvenile's prior adjudications in evidence at trial. The qualifying language of the statute is unambiguous and requires no further interpretation. Thus, while § 14-1-40 permits every trial justice to consider a juvenile record for the limited purpose of sentencing, *Taylor v. Howard,* 111 R.I. 527, 530-31, 304 A.2d 891, 894 (1973), we conclude that the statute further authorizes the Family Court to admit this information as substantive evidence in the course of a trial.[5]

---

5. In *State v. Turner,* 107 R.I. 518, 522, 268 A.2d 732, 734 (1970), this court indicated that:

"there is no prohibition in § 14-1-40, which precludes the Family Court from taking these adjudications into consideration in the event that appellants, or either of them, should again be referred to that court for some alleged subsequent misconduct." *See In re Michael,* 423 A.2d 1180, 1181 (R.I.1981).

We have recognized, however, that G.L.1956 (1969 Reenactment) § 14-1-40, bars the evidentiary use of a juvenile record in a Superior

## II

### WHETHER IN FAMILY COURT PROCEEDINGS A PRIOR JUVENILE ADJUDICATION CONSTITUTES A "CONVICTION" FOR THE PURPOSES OF SECTION 11-47-5 OF THE RHODE ISLAND GENERAL LAWS

■ The second issue requires that we examine provisions of the Family Court Act in light of a general criminal statute. The General Assembly has provided the Family Court with a liberal grant of jurisdiction to adjudge a juvenile delinquent for *"any offense* which, if committed by an adult, would constitute a felony * * *."* (Emphasis added.) Section 14-1-3(F), as amended by P.L.1984, ch. 216, § 1. With this broad language in mind, we have stated that a criminal statute generally applies with equal force to both adults and juveniles unless a contrary legislative intent to exclude minors from its purview is clearly apparent from the face of the act itself. *See In re Steven,* 510 A.2d 955, 957 (R.I. 1986).

The statute upon which the underlying petition rests, § 11-47-5, provides in pertinent part: "No person who has been convicted in this state or elsewhere of a crime of violence * * * shall purchase, own, carry, transport or have in his possession or under his control any firearm." The act then prescribes a mandatory minimum sentence of two years and a maximum penalty of ten years' imprisonment. Violation of § 11-47-5, if committed by an adult, would therefore constitute a felony. G.L.1956 (1981 Reenactment) § 11-1-2, as amended by P.L.1985, ch. 462, § 3. The statute does

---

Court trial. *Taylor v. Howard,* 111 R.I. 527, 531, 304 A.2d 891, 894 (1973). Our decision today therefore comports with the express language of G.L.1956 (1981 Reenactment) § 14-1-40, as amended by P.L.1985, ch. 349, § 1, and past case law. We also note that our holding in no way conflicts with Rule 609(d) of the Rhode Island Rules of Evidence which provides that "[e]vidence of juvenile adjudications is *generally* not admissible under this rule." (Emphasis added.)

not expressly exempt minors from its operative ambit.

At the motion hearing below and on appeal Bernard has argued that a juvenile could never be "convicted" of a previous crime of violence as mandated by § 11–47–5 and that, therefore, dismissal of the delinquency petition was required. We find this argument unpersuasive.

Once again we are inclined to heed the mandates contained in § 14–1–40, which states in relevant part:

"Adjudication not having effect of conviction.—No adjudication upon the status of any child in the jurisdiction of the court shall operate to impose any of the civil disabilities ordinarily resulting from a conviction, nor shall any child be deemed a criminal by reason of such adjudication, nor shall such adjudication be deemed a conviction, nor shall any child be charged with or convicted of a crime in any court, except as provided in this chapter."

In construing this provision of the Family Court Act, this court has consistently held that an adjudication of delinquency is not deemed a criminal conviction, except as it may be considered by a sentencing justice within the Family Court. *See, e.g., In re Michael,* 423 A.2d 1180 (R.I.1981); *In re Wilkinson,* 116 R.I. 163, 353 A.2d 199 (1976); *Taylor v. Howard,* 111 R.I. 527, 304 A.2d 891 (1973). In these cases we recognized that the General Assembly intended to protect juveniles from the civil disabilities and the denigrating social and economic stigma which oftentimes accompanies a criminal record. *Taylor v. Howard,* 111 R.I. at 530, 304 A.2d at 893–94. Thus our past decisions focused on the express mandate of § 14–1–40 which prohibits the Family Court from establishing a record of one or more criminal convictions against a minor.

Nothing in § 14–1–40, however, bars the Family Court from adjudging a child delinquent for violating a law in which a prior conviction is a necessary element to the crime charged. With a statute such as § 11–47–5, the Legislature has provided no indication that it intended to exclude minors from the act's purview. We believe that the term "convicted" in § 11–47–5 assumes its ordinary meaning for the purposes of Family Court proceedings. Black's Law Dictionary 301 (West 5th ed. 1979) defines conviction as "the result of a criminal trial which ends in a judgment or sentence that the accused is guilty as charged." Under this definition, then, a juvenile adjudication is subsumed within the ordinary legal meaning of the term "conviction." We therefore hold that a juvenile adjudication qualifies as a conviction within the context of § 11–47–5 for the exclusive purposes of Family Court proceedings.

The decision reached today is entirely consonant with the special treatment historically afforded juveniles and with the Legislature's desire to protect children from the burdening impairments associated with a criminal record. *See State v. Berard,* 121 R.I. 551, 401 A.2d 448 (1979). Since the Family Court must determine whether Bernard violated § 11–47–5, it follows that a finding of guilty will only result in another adjudication of delinquency. No criminal record will result. The intent of the Legislature in enacting § 14–1–40 is therefore scrupulously honored. It is hoped that repeated adjudications of delinquency will operate as a red flag to the Family Court in furtherance of its objectives under § 14–1–2. It will assure the juvenile offender such care, rehabilitative guidance, and control as the court deems necessary in promoting the best interests of the child.

For the above-enunciated reasons, the state's appeal is sustained. The judgment appealed from is reversed. The matter is remanded to the Family Court for further proceedings in accordance with this opinion.